Vito MANIACI, Plaintiff-Appellant,

v.

Eric J. LUECHTEFELD, Victor H. Luechtefeld, Oscar J. Luechtefeld, Roderick Baalmann and Cora Baalmann; d/b/a Forest Park Lumber and Supply Company, Defendants-Respondents.

No. 30842.

St. Louis Court of Appeals.

Missouri.

Nov. 21, 1961.

Application for Motion for Per Curiam Rehearing or to Transfer to Supreme Court Denied Dec. 26, 1961.

Frank Mashak, St. Louis, for plaintiff-appellant.

Gerritzen & Gerritzen, Al F. Gerritzen, and Ray A. Gerritzen, St. Louis, for defendants-respondents.

DOERNER, Commissioner.

Plaintiff appeals from an adverse judgment of $37.93 in an action growing out of a disputed charge for repairs made by defendants on plaintiff's power lawn mower.

The controversy between the parties to this litigation arose in the following manner: Plaintiff was unable to start his Pincor power lawn mower and took it to the defendants for repairs. Defendants were partners doing business under the name of Forest Park Lumber and Supply Company, and operated an authorized shop for servicing the above make of power mower. In brief, it was plaintiff's contention that defendants orally agreed to put plaintiff's mower in first class condition, including the installation of a new carburetor, for the fix-

ed price of $24, but that when he later sought to obtain his mower and tendered that sum, defendants refused to deliver the mower to him unless he paid them the sum of $37.93. Defendants' position, on the other hand, was that plaintiff wanted his mower put in first class condition; that an estimate or approximate price of $29 was quoted, but that it was agreed by the parties that such estimate would be increased if it was ascertained during the course of the repairs that new parts other than the carburetor were needed; that on disassembling the mower it was found that it was necessary to replace an oil seal, gas line, and coil; that the total charge for all of the work and parts was $37.93; and that that amount was a reasonable charge for the repairs made. After stating his version of the facts in his fifth amended petition, upon which he went to trial, plaintiff prayed for actual damages of $125 and punitive damages of $5,000. Defendants counterclaimed for actual damages of $37.93, and (in Count II) for punitive damages of $5,000 for allegedly slanderous statements claimed to have been made by plaintiff. The jury returned a verdict in favor of defendants on plaintiff's action, in favor of defendants for actual damages of $37.93, together with interest thereon, and against defendants on their count for punitive damages, and judgment was entered accordingly.

The principal issue presented by plaintiff's appeal does not, however, concern what might be termed the basic controversy between the parties, but rather a collateral one. As stated, the case was tried on plaintiff's fifth amended petition. As originally filed plaintiff's fifth amended petition, containing only one count, included paragraphs 4, 5 and 7, in which it was alleged that after the dispute arose the defendants had wilfully refused to divulge to plaintiff the names of the persons doing business under the name of Forest Park Lumber and Supply Company; that defendants had not registered that name as required by the Fictitious Names Act, Section 417.200 et seq. RSMo 1959, V.A.M.S., but were operating

illegally under a dead man's registration of that name, and that "* * * as a result thereof plaintiff was obliged to expend time, effort and money to be in a position to assert his legal rights to recover his lawn mower * * *"; and that plaintiff had not been able to determine the names of all of the persons doing business under the name of Forest Park Lumber and Supply Company until after the institution of his action. Defendants filed a motion to strike paragraphs 4, 5 and 7 from plaintiff's fifth amended petition, but inasmuch as the transcript plaintiff has filed with us does not set out the motion, but only recites that it was filed and sustained by the court, we are unable to state the grounds of the motion or the basis upon which it was sustained.

The record shows that plaintiff did not amend his petition, as he might have done as a matter of course before defendants filed their answer and counterclaim, nor did he seek to amend the same by leave. Civil Rule 55.53, V.A.M.R. After the case was at issue by the filing of defendants' answer and counterclaim, plaintiff proceeded to trial upon his fifth amended petition as it remained after the deletions. At various times during the trial plaintiff sought to refer to, and to introduce exhibits and other evidence regarding, defendants' failure to register their trade name as required by the Fictitious Names Act, the refusal of one of the partners to inform plaintiff's counsel of the names of all of the partners, and the efforts and expense to which plaintiff had been put in order to ascertain such information, but on objection of the defendants the court excluded all references to such matters on the grounds that they were not within the scope of the pleadings upon which the case was being tried. While such rulings of the trial court, singly and collectively, are assigned as error, plaintiff's fundamental contention common to all such assignments is that the Fictitious Names Act is remedial as well as penal in nature; and that it created a new civil cause of action in plaintiff's favor for the efforts plaintiff was required to expend and the expenses he incurred in order to identify the individuals doing business under the trade name, due to their failure to register such information as required by the Act.

Whatever may be the merits of plaintiff's contention as to the nature of the Fictitious Names Act, under the state of the record in this case that question is not before us and need not be decided. When defendants' motion to strike paragraphs 4, 5 and 7 from plaintiff's petition was sustained, plaintiff's cause of action based upon defendants' failure to register in accordance with that Act, if, indeed, he had one, was thereby eliminated from the petition and was no longer an issue in the case. The only cause of action which remained in plaintiff's petition, and the one upon which he proceeded to go to trial, was his claim that defendants had wrongfully refused to return his lawn mower. The issues in a lawsuit are made by the pleadings before the trial begins, and the pleadings limit the scope of the trial to such issues. Richards v. Earls, 345 Mo. 260, 133 S.W.2d 381; Smith v. Githens, Mo.App., 271 S.W.2d 374. Obviously, therefore, the court did not err in refusing to permit plaintiff to comment upon or to introduce evidence in support of a cause of action not within the scope of plaintiff's petition.

Plaintiff claims that he sought leave during the course of the trial to amend his petition so as to restate the matter previously stricken, and that the court erred in refusing to permit him to do so. The record is by no means clear that plaintiff sought to amend his petition during the trial, but assuming that he did, the court did not commit error in denying the request. As the transcript indicates, and as plaintiff states in his brief, similar matter had on motion been stricken from plaintiff's second, third, and fourth amended petitions, as well as from the fifth, on which plaintiff elected to go to trial. Courts should be liberal in permitting amendments to plead-

ings, but whether a particular amendment " * * * should be permitted is primarily within the sound judicial discretion of the trial judge, whose action will not be disturbed where * * * there is no showing that such discretion has been palpably and obviously abused. * * *" Stewart v. Stewart, Mo.App., 277 S.W.2d 322, 326; Pender v. Foeste, Mo., 329 S.W.2d 656, 659. Plaintiff was not entitled to plead the same matter ad infinitum, and the court's refusal to permit him to again do so during the course of the trial, under the circumstances of this case, was certainly not an abuse of discretion.

■ Plaintiff's next assignment of error is that the court erred in excluding his exhibit No. 12 because " * * * It was plaintiff's position it was a duplicate and the original need not be accounted for." The exhibit was a copy of a letter which plaintiff's counsel wrote to the Forest Park Lumber & Supply Co., but it was not excluded because it was a copy. The objection to its introduction which the court sustained, and properly so, was that the letter was a self-serving statement.

■ Plaintiff also complains of the exclusion of his exhibits 14 and 17, which were counterclaims filed by defendants at an earlier stage of the proceedings, in the second of which defendants asserted a claim for storage charges. Defendants' claim for that item was abandoned or stricken on motion, and was not included in the counterclaim on which the case was tried. After defendants' motion to strike had been sustained, plaintiff's action was solely one for the wrongful and malicious conversion of his lawn mower. Defendants' counterclaim was for the cost of the repairs they claimed to have made, and for actual and punitive damages because of slanderous statements allegedly made by plaintiff at the time he refused to pay defendants' bill for the repairs. The fact that defendants had asserted and abandoned a claim for storage charges was not material to or within the scope of the issues on trial,

and the court committed no error in excluding the exhibits.

■ We have some difficulty understanding plaintiff's final assignment. Included under his assignment 6, which relates to the exclusion of exhibits Nos. 14 and 17, is the statement "Defendants were not entitled to a lien on unauthorized work." If that statement was intended to be a separate assignment, it is only an abstract statement of law, and fails to comply with Rule 83.05(e). If it was intended to relate to the exclusion of plaintiff's exhibits Nos. 14 and 17, there is no claim for a lien made in either of those exhibits. In fact, the only reference to a lien which we can find in the abbreviated transcript brought here is in defendants' answer, in which they alleged that under both the Artisan Lien Statutes, Sections 430.010, 430.020, 430.040, 430.050, 430.080, as well as under a common law artisan's lien, they were entitled to retain possession of plaintiff's lawn mower until such time as plaintiff paid for the repairs they had made. However, plaintiff has not included in his transcript defendants' evidence nor the instructions on which the case was submitted to the jury, so that we are in no position to determine what part the alleged lien may have played in the case. In any event, the matter has not been properly preserved for review in that no mention of any error regarding defendants' claimed lien was included in plaintiff's motion for a new trial. Rule 79.03, V.A. M.R., State ex rel. State Highway Commission v. Dockery, Mo., 340 S.W.2d 689.

The judgment should be affirmed, and the Commissioner so recommends.

PER CURIAM.

The foregoing opinion by DOERNER, C., is adopted as the opinion of this court.

Accordingly, judgment is affirmed.

ANDERSON, P. J., RUDDY, J., and JOHN J. KELLY, Jr., Special Judge, concur.