114 N.J. Super. 382 (1971)
276 A.2d 402
CONTI CAUSEWAY FORD, PLAINTIFF,
v.
NORMA JAROSSY AND STEPHEN JAROSSY, DEFENDANTS AND THIRD-PARTY PLAINTIFFS,
v.
THE FIRST NATIONAL BANK OF TOMS RIVER, N.J., THIRD-PARTY DEFENDANT.
Superior Court of New Jersey, District Court, Ocean County.
Decided April 5, 1971.
*383 Mr. Eugene Jume for plaintiff.
Mr. Denis J. Corbett of the Ocean County Legal Services, for defendants and third-party plaintiffs.
Mr. Robert S. Fisher for third-party defendant.
*384 DOHERTY, J.C.C. (Temporarily assigned).
This is an action brought by an automobile dealer, Conti Causeway Ford (Conti), to recover a deficiency due after the sale of a repossessed automobile previously sold by Conti to defendants Norma and Stephen Jarossy. Defendants have counterclaimed for the loss of personal property allegedly in the automobile when it was repossessed, and for damages pursuant to N.J.S.A. 12A:9-507 (1) and brought a third-party claim against The First National Bank of Toms River, N.J. (bank) pursuant to the same statute.
The Jarossys signed a retail installment security agreement with Conti on August 13, 1968 for the purchase of an automobile for a cash price of $3,321.08 with a time price differential of $539.89. After the agreement was entered into, Conti assigned the same to the bank. The Jarossys defaulted under the agreement by failing to pay the installments due in April and May 1970. On May 28, 1970 the bank caused the automobile to be repossessed in Florida. The automobile was returned to New Jersey and a public sale was scheduled for June 8, 1970. The bank sent notice of the sale to the Jarossys on June 6, two days before the proposed sale. The notice was not received by the Jarossys until June 10, two days after the sale.
The bank was the only bidder at the June 8 sale and purchased the vehicle for $1,300. All of the parties to this action have stipulated that this amount represents the fair and reasonable value of the vehicle as of the date of the sale. A deficiency resulted in the amount of $258.12 including counsel fees. The bank assigned the deficiency to Conti, who brought this action.
N.J.S.A. 12A:9-504 (3) requires that the buyer be given reasonable notification of an impending sale of repossessed collateral. The court finds that the bank failed to show that the debtor received reasonable notice prior to the sale. The court must decide, therefore, whether that failure bars plaintiff from recovery of any deficiency resulting from *385 the sale. There does not appear to be any decision on this question by a New Jersey court.
If a deficiency results from an otherwise valid sale, N.J.S.A. 12A:9-504 (2) allows the secured party to collect the deficiency. There is, however, no provision of the Uniform Commercial Code which explicitly denies recovery of the deficiency when there is defective notice.
Prior to the adoption of the Uniform Commercial Code, conditional sales were governed by the Uniform Conditional Sales Act. Under the latter the seller was required to give at least ten days' written notice of the sale (N.J.S.A. 46:32-25, repealed L. 1961 c. 120). If a seller failed to comply with this notice provision, he was barred from recovery of the deficiency by the court's interpretation of N.J.S.A. 46:32-31 (repealed L. 1961 c. 120) as decided in Frantz Equipment Co. v. Anderson, 37 N.J. 420 (1962), and Bergen Auto Co. v. Mattarochio, 58 N.J. Super. 161 (App. Div. 1959).
By contrast, the Uniform Commercial Code does not require a specific time period in which notice must be given. While the Uniform Conditional Sales Act required ten days' notice, the Code only requires that the notice and the sale be "commercially reasonable." N.J.S.A. 12A:9-504 (3). It therefore must be decided whether the sale was so commercially unreasonable as to bar recovery of the deficiency.
The court finds a brief survey of the cases in this and other states to be most useful:
T & W Ice Cream Inc. v. Carriage Barn, Inc., 107 N.J. Super. 328, 329 (Law Div. 1969), holds that when the debtor seeks damages for lack of proper notice of resale, the burden of proving the reasonableness of the sale is on the seller. However, the court did not decide whether a deficiency judgment could be recovered by the seller.
Norton v. National Bank of Commerce of Pine Bluff, 240 Ark. 143, 398 S.W.2d 538 (Sup. Ct. 1966), holds that the secured party, upon showing a reasonable disposition of the *386 collateral, is entitled to a judgment for the deficiency, and that the debtor was left to his remedy set forth under § 9-507 (1) of the Code, the basis for the counterclaim and third-party claim herein.
Cases holding similarly are: Carter v. Ryburn Ford Sales Inc., 248 Ark. 236, 451 S.W.2d 199 (Sup. Ct. 1970); Weaver v. O'Meara Motor Co., 452 P.2d 87 (Alaska Sup. Ct. 1969); Abbott Motor Inc. v. Ralston, 28 Mass. App. Dec. 35 (Mass. App. Div. 1964).
In other cases courts have denied recovery of the deficiency where the secured party fails to give adequate notice: Braswell v. American National Bank, 117 Ga. App. 699, 161 S.E.2d 420 (App. Ct. 1968) (the court held that failure to give proper notice precludes the debtor from exercising his equity of redemption and therefore the secured party cannot recover a deficiency); Associates Discount Corp. v. Cary, 47 Misc.2d 369, 262 N.Y.S.2d 646 (Civ. Ct. 1965).
This court is of the opinion that the better rule is the one enumerated in the T & W and Norton cases, supra. The Code does not require the precise notice formerly required under the Uniform Commercial Sales Act. The underlying theory of the Code is to set forth rules for commercial transactions which are commercially reasonable. See N.J.S.A. 12A:9-504, Comment 1.
In the situation where reasonable notice of sale has not been given, the spirit of commercial reasonableness requires that the secured party not be arbitrarily deprived of his deficiency but that the burden of proof be shifted to him to prove that the sale resulted in the fair and reasonable value of the security being credited to the debtor's account. When that burden has been borne, the resultant deficiency ought to be collectable by the secured party, especially in view of the rights to damages afforded the debtor by N.J.S.A. 12A:9-507. In the case at bar the parties have stipulated that the resale price was fair and reasonable. Thus, the burden of proving commercial reasonableness *387 has been met by the secured party. Judgment will be entered for the plaintiff on the complaint.
Defendants' counterclaim and third-party complaint against the bank is based upon N.J.S.A. 12A:9-507(1):
(1) If it is established that the secured party is not proceeding in accordance with the provisions of this Subchapter disposition may be ordered or restrained on appropriate terms and conditions. If the disposition has occurred the debtor or any person entitled to notification or whose security interest has been made known to the secured party prior to the disposition has a right to recover from the secured party any loss caused by the failure to comply with the provisions of this Subchapter. If the collateral is consumer goods, the debtor has a right to recover in any event an amount not less than the credit service charge plus ten per cent of the principal amount of the debt or the time price differential plus ten per cent of the cash price. [Emphasis added]
Under this provision the Jarossys are entitled to recover a total of $872, which is the time price differential plus 10% of the cash price. The court is not satisfied that defendants have proven the loss of personal property in the car at the time of repossession. Additionally, they failed to give notice to the bank of the alleged loss of this personal property, as required by the retail installment security agreement between the parties.
Judgment in the amount of $258.12, the amount of the deficiency, would be allowed plaintiff Conti against the Jarossys, but since the deficiency was assigned by the bank to Conti, Conti took it subject to any defense which was available to the Jarossys against the bank.
The court therefore sets off $258.12 of Jarossys' $872 recovery against the counterclaim eliminating it. Judgment in the amount of the balance, or $613.88, is entered for the Jarossys against the bank.