664 P.2d 183

GULF HOMES, INC., an Arizona corporation, Plaintiff/Appellant/
Cross-Appellee,

v.

Richard A. GOUBEAUX and Linda G. Goubeaux, his wife, and each of them, Defendants/Appellees/Cross-Appellants.

No. 16169.

Supreme Court of Arizona,
In Banc.

March 23, 1983.

Rehearing Denied May 24, 1983.

See also, 125 Ariz. 68, 607 P.2d 387.

Dan A. Sinema, Tucson, for plaintiff/appellant/cross-appellee.

Ronald W. Sommer, Tucson, for defendants/appellees/cross-appellants.

CAMERON, Justice.

Richard Goubeaux and Linda Goubeaux, husband and wife, purchased a mobile home from Gulf Homes, Inc. and made only a down payment and no installment payments. Gulf Homes repossessed the mobile home, sold it, and sued the Goubeauxs for the deficiency. Gulf Homes appealed from both a judgment against it for the commercially unreasonable disposition of the mobile home after repossession and from a denial of its deficiency judgment. The Goubeauxs appealed the judgment of the trial court denying them attorney's fees. We have jurisdiction under Ariz. Const. art. 6 § 5(3) and Rule 19(a), Rules of Civil Appellate Procedure, 17A A.R.S.

The issues presented on appeal are these:

1. Is the seller entitled to a new trial because of alleged inconsistent jury verdicts?

2. Is the seller entitled to judgment notwithstanding the verdict on the buyers' counterclaim for commercially unreasonable disposition of the mobile home pursuant to A.R.S. § 44–3153(A)?

3. Are the buyers entitled to judgment notwithstanding the verdict on the seller's claim for a deficiency because of our previous opinion in *Gulf Homes, Inc. v. Goubeaux,* 124 Ariz. 142, 602 P.2d 810 (1979)?

4. Did the trial court err in:

(a) denying the seller's motion to amend its complaint;

(b) not allowing the seller to state to the jury the amount sought by the buyers in their counterclaim; or

(c) permitting closing argument by buyers concerning the seller's failure to call additional witnesses on the issue of commercial reasonableness?

5. Are the buyers entitled to attorney's fees?

The facts necessary to the determination of these issues are as follows. The buyers, Richard A. and Linda G. Goubeaux, purchased a mobile home from seller, Gulf Homes, for the cash price of $9,666.00 plus a time price differential of $9,950.00 on an eleven year contract. The buyers paid $550.00 down and made no further payments. Seller repossessed the mobile home and proceeded to resell the home to itself at a public sale for the sum of $7,000.00. There is no indication that this amount was unreasonable. Thereafter, seller sued the buyers for the deficiency. A jury trial resulted in verdicts of $1,640.00 in favor of seller for the deficiency and $1,000.00 in favor of the buyers on their counterclaim as a statutory penalty under the Truth in Lending Act, 15 U.S.C. § 1640(a). The trial court also awarded attorney's fees to the seller. The matter was appealed and the Court of Appeals affirmed the trial court. *Gulf Homes, Inc. v. Goubeaux,* 124 Ariz. 147, 602 P.2d 815 (App.1979). We granted review and vacated the opinion of the Court of Appeals stating:

The judgment of the superior court in favor of appellee Gulf Homes on its claim for a deficiency and for an award of attorney fees is reversed. The order and judgment of the superior court denying damages and a new trial to appellants on their counterclaim for a commercially unreasonable sale of collateral is reversed. The judgment of the superior court on the remaining issues is affirmed. The case is remanded to the superior court for further proceedings consistent with this opinion. *Gulf Homes, Inc. v. Goubeaux,* 124 Ariz. 142, 146, 602 P.2d 810, 814 (1979).

On remand, a new trial was held on the question of the deficiency and on the issue of commercial reasonableness of the resale of the mobile home. The jury returned a verdict for seller's deficiency claim in the amount of $2,416.72, and verdict for the buyers on its damages counterclaim "in the amount fixed by law," which was later computed to be $15,534.51, the amount of the time price differential stated in the contract as $9,950.00, plus interest from 28 October 1977 to date of judgment, 31 August 1981. A.R.S. § 44–3153(A). As discussed later in this opinion, we note that the amount of $15,534.51 was incorrectly determined. Both parties moved for judgment notwithstanding the verdict; the buyers' motion as to the deficiency was granted but seller's motion as to damages for wrongful sale of the collateral was denied. Seller appealed the judgment and the buyers cross-appealed from the court's failure to award them attorney's fees.

## INCONSISTENT VERDICTS

Seller claims first that it must have a new trial on the issue of commercial reasonableness because the jury returned a verdict in favor of seller's claim for a deficiency following sale of the collateral and in favor of the buyers on the counterclaim for an award under A.R.S. § 44–3153(A). To return these verdicts, argues the seller, the jury must have found that the sale was both commercially reasonable and commercially unreasonable. We do not agree.

Under A.R.S. §§ 44–3150 and 44–3153, when a secured party who has retaken and disposed of collateral following the debtor's default sues to recover a deficiency under A.R.S. § 44–3150(B), he bears the burden of proving that the disposition was commercially reasonable. *Gulf Homes, Inc. v. Goubeaux,* supra, 124 Ariz. at 145, 602 P.2d at 813. *See* A.R.S. § 44–3150(C). The failure to carry this burden does not, however, act as an absolute bar to recovery of a deficiency arising from the resale of the collateral. The seller is still entitled to have the deficiency determined by the trier of fact. Where the sale is commercially unreasonable, this deficiency is subject to

> a setoff of the damage to the debtor for failure to make a commercially reasonable sale. *Chapman v. Field,* 124 Ariz. 100, 105, 602 P.2d 481, 486 (1979).

In the instant case, because the amount which was bid for the mobile home at the sale was reasonable, the buyers were unable to show specific damages. The buyers, however, were able to show the sale was commercially unreasonable and could therefore rely on the specific provisions of the statute:

> If the disposition has occurred the debtor or any person entitled to notification or whose security interest has been made known to the secured party prior to the disposition has a right to recover from the secured party any loss caused by a failure to comply with the provisions of §§ 44–3147 to 44–3153, inclusive. If the collateral is consumer goods, the debtor has a right to recover in any event an amount not less than the credit service charge plus ten per cent of the principal amount of the debt or the time price differential plus ten per cent of the cash price. A.R.S. § 44–3153(A).

This statute (A.R.S. § 44–3153(A)) includes a consumer goods remedy in the nature of a penalty, legislatively adopted to discourage noncompliance by creditors. *See Merchandise Nat. Bank of Chicago v. Scanlon,* 86 Ill.App.3d 719, 723, 41 Ill.Dec. 826, 829, 408 N.E.2d 248, 251 (1980) (§ 9–507 intended to impose a civil penalty). Adopted from § 9–507 of the Uniform Commercial Code, it is a "minimum recovery" to which the consumer is entitled regardless of his ability to show actual loss. *See* Uniform Commercial Code, § 9–507, Comment 1; J. White and R. Summers, Uniform Commercial Code, § 26–14 at 998 (1972). *Accord, D.E.B. Adjustment Co. v. Cawthorne,* 623 P.2d 82, 85 (Colo.App.1981); *Allard v. Ford Motor Credit Co.,* 139 Vt. 162, 422 A.2d 940, 942 (Vt.1980); *In re Crandall,* 1 B.R. 752, 754 (Bkrtcy.W.D.Mich.1980).

In the instant case, the jury was properly instructed and awarded the seller damages for his deficiency. It awarded the buyers a set-off "in the amount fixed by law," meaning the sum prescribed by the penalty provision of A.R.S. § 44–3153(A). The buyers, by purchasing the mobile home and failing to make the payments, are liable for any deficiency resulting from their failure to make the agreed upon and bargained for payments. The seller, by failing to dispose of the repossessed mobile home in a commercially reasonable manner, is liable for any resulting damages to the buyer or in an amount equal to "the time price differential plus ten percent of the cash price." The two amounts, once determined, may be set off against each other. The jury was not inconsistent in finding the buyers liable for the deficiency and the seller liable for failing to dispose of the mobile home in a commercially reasonable manner. We find no error.

### BUYERS' COUNTERCLAIM

The seller next contends that the jury verdict on the buyers' counterclaim must be reversed, and judgment notwithstanding the verdict entered in seller's favor. The basis for this contention is that the buyers failed to prove their counterclaim for recovery under A.R.S. § 44–3153(A) at the first trial, and since the buyers did not carry their burden of proving that the sale was commercially unreasonable at that time, they may not prove that the sale was commercially unreasonable at the second trial. Seller cites *Crouch v. Truman,* 84 Ariz. 360, 328 P.2d 614 (1958), in support of its position.

Even were we to agree with sellers application of *Crouch* to the facts of this case, which we do not, *see Markel v. Transamerica Title Ins. Co.,* 103 Ariz. 353, 362, 442 P.2d 97, 106 (1968), seller may not prevail for the reason that the buyers did not have the burden of proving that the sale was commercially unreasonable. It is appropriate that the seller have this burden, since it is the party more likely to be in possession of the facts necessary to show that the sale was commercially reasonable. It was the seller that had the burden which the seller failed to carry. As we stated in our prior opinion in *Gulf Homes:*

> The evidence presented at trial failed to establish that the collateral was disposed of in a manner commercially reasonable. *Gulf Homes, Inc. v. Goubeaux,* supra, 124 Ariz. at 146, 602 P.2d at 814.

The matter was reversed because the seller, not the buyer, failed to carry its burden of proof on commercial reasonableness. We find no error.

### SELLER'S DEFICIENCY CLAIM

■ As noted above, the jury returned a verdict for the seller on its claim for deficiency. The trial court then granted buyer's motion for judgment notwithstanding the verdict as to this issue. The trial court, in stating the reason for the granting of the motion, held that a rereading of our opinion in *Gulf Homes, Inc. v. Goubeaux,* supra, convinced him that we

> did not order or intend that there be a retrial of the Plaintiff's claim for deficiency. * * * [T]he Plaintiff failed, as a matter of law, to make out its claim at the first trial. The Defendant is entitled, by the law of the case, to judgment in its favor against the Plaintiff on the Plaintiff's complaint for deficiency.

We believe that the trial court misread our mandate in ruling that judgment notwithstanding the verdict on the deficiency claim was required by our opinion in *Gulf Homes, Inc. v. Goubeaux,* supra. In that opinion we reversed the trial court, but the language of the opinion did not bar a new trial. When the appellate court reverses

and remands a cause without specific directions to enter judgment, a new trial may be required. *City of Glendale v. Skok,* 6 Ariz.App. 342, 344, 432 P.2d 597, 599 (1967). *See Markel v. Transamerica Title Insurance Co.,* supra, 103 Ariz. at 362, 442 P.2d at 106. Our mandate for consistent proceedings did not direct entry of judgment on the deficiency claim. Thus the new trial on the issue of commercial reasonableness was proper, and the trial court's entry of judgment notwithstanding the verdict on the seller's claim of deficiency was error.

### SECOND TRIAL PROCEEDINGS

■ The seller also contends that the trial court erred in three procedural matters concerning the second trial. The first allegation of error concerns the court's refusal to allow amendment to its complaint in order to allege that the contract for sale of the mobile home was not a security agreement under the commercial code. We do not agree.

On 18 July 1980, the trial court denied both parties' motions for judgment on our mandate in *Gulf Homes, Inc. v. Goubeaux,* supra, and ordered the matter to proceed to trial. Eight months later, on 20 March 1981, the seller moved to amend its complaint, to add an additional count advancing the theory that the "Contract for Title to Mobile Home" executed by the parties was an option contract. Under this new theory, the seller sought to recover damages through common law construction of the contract apart from the remedies in the commercial code. On 4 May 1981, following oral argument, the trial court denied the motion to amend, citing as reasons for denying amendment "the posture of the matter, the timing and the mandate from the Appellate Court * * *."

As a general rule, amendments to pleadings are to be liberally granted. *Cagle v. Carr,* 101 Ariz. 225, 227, 418 P.2d 381, 383 (1966). Nonetheless, it is within the sound discretion of the trial court whether, under all the facts and circumstances of the case, an amendment should be permitted. *Sanders v. Brown,* 73 Ariz. 116, 119, 238 P.2d 941, 944 (1952).

In the instant case the seller waited eight months before seeking to amend his complaint to introduce a new theory of recovery unrelated to secured transactions. The argument on the motion to amend occurred only three days before the matter was set for trial on 7 May 1981. Our courts have properly refused to permit amendments to pleadings where the party moved to amend well after the pretrial order was issued and when further discovery was precluded. *See Contractor & Mining Service & Supply, Inc. v. H & M Tractor & Bearing Corp.,* 4 Ariz. App. 29, 33, 417 P.2d 542, 546 (1966). Denial of a motion to amend is not an abuse of discretion where there has been undue delay in seeking the amendment. *Matter of Estate of Torstenson,* 125 Ariz. 373, 376–77, 609 P.2d 1073, 1076–77 (App.1980), *citing Foman v. Davis,* 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962).

■ The second trial error alleged by the seller is the refusal of the trial court to allow it to tell the jury the precise amount sought by the buyers in their counterclaim. The seller contends that by keeping evidence of the amount of the statutory penalty from the jury it could not make a proper judgment on the case. We do not agree. The amount of the penalty is immaterial to the issue of the commercial reasonableness of the sale. It does not have "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Rule 401, Arizona Rules of Evidence, 17A A.R.S. It was not error to exclude evidence of the amount of the counterclaim.

■ Third, during closing argument, buyers' counsel made the following comment:
[D]on't you think, ladies and gentlemen, that if these things were reasonable, to notice the sale 120 miles from the place it is going to be held, to not have the trailer open for inspection but kept secured, to effectively restrict the bidding by having it in the private offices, don't you think that * * * if it was the custom in this commercial area and with regard to these commercial items, don't you think that, at

least, somebody could have produced a witness to testify to that effect * * *?
The seller submits that this comment on its failure to produce witnesses to testify to the commercial reasonableness of its disposition was prejudicial and cause for reversal. We do not agree. Counsel have wide latitude in arguing the facts presented by the evidence and any reasonable inference to be drawn from them. *Beliak v. Plants,* 93 Ariz. 266, 269, 379 P.2d 976, 978 (1963); *Harvey v. Aubrey,* 53 Ariz. 210, 214, 87 P.2d 482, 483 (1939). In the instant case, we believe that buyers' counsel's comment concerning the seller's failure to put on evidence of commercial reasonableness by means of interested witness testimony was fair comment on the evidence or lack of evidence produced by the seller. The comments may well have been prejudicial but they were not error.

### BUYERS' COUNTERCLAIM FOR ATTORNEY'S FEES

■ The buyers seek the award of attorney's fees both at the trial court and appellate levels. The buyers seek attorney's fees first because the standard contract for the sale of the mobile home provides for attorney's fees to Gulf Homes should collection of a buyer's delinquent installment by an attorney be required. Since the contract provides for attorney's fees to seller in matters of collection, argue the buyers, this court must in equity interpret the contract to provide fees to the prevailing party in any dispute arising out of the contract. We do not agree.

Attorney's fees are not recoverable unless specifically provided for by statute or by an agreement between the parties. *Taylor v. Southern Pac. Transp. Co.,* 130 Ariz. 516, 523, 637 P.2d 726, 733 (1981). In the instant case, there was no specific provision in the contract of sale for the award of attorney's fees to the prevailing party in litigation stemming from repudiation of the entire contract, and we will not "read in" such a provision.

■ Neither are the buyers entitled to attorney's fees under A.R.S. § 12–341.01.

The original complaint in this action was filed 21 June 1976. The stated effective date of A.R.S. § 12–341.01 was 1 September 1976. This statute does not apply to suits commenced before its effective date. *Bouldin v. Turek,* 125 Ariz. 77, 78, 607 P.2d 954, 955 (1979). The buyers may not claim attorney's fees under either the contract or the statute.

### STATUTORY PENALTY IMPOSITION

 A.R.S. § 44–3153(A) provides that in the case of a repossession and commercially unreasonable sale, the buyer "has a right to recover *in any event* an amount not less than the * * * time price differential plus ten per cent of the cash price." A.R.S. § 44–3153(A). The "time price differential" is the amount over and above the purchase price the buyer pays for the privilege of being permitted to pay for the goods over a period of time. *Weis v. Taylor,* 613 S.W.2d 332, 334 (Tex.Civ.App.1981). A seller may demand one price for a cash sale and another "and greater price upon credit * * *." *Burkitt v. McDonald,* 26 Tex.Civ. App. 426, 64 S.W. 694, 695 (Tex.Civ.App. 1901). This amount is frequently computed by a set amount of interest on the sum due after the time of purchase.

In the instant case, the amount of the "time price differential" was stated in the contract as $9,950.00 and the judgment was $15,534.51. Even when the amount of the deficiency is set off against this amount, it appears to be a windfall for buyers who paid only $550.00 down, took possession of the mobile home, and then abandoned the mobile home without further payment. We believe, however, that the statute is clear and that the buyers are entitled to the statutory amount. We can only observe that the seller in this case had not only the option of selling the mobile home in a commercially reasonable manner, but also not to sue for the deficiency after the sale. Having sued under the Uniform Commercial Code, they are bound by its provisions.

We have a problem, however, with the amount as computed by the trial court. The buyers are entitled to the amount of the time price differential which was stated

in the contract as $9,950.00, plus 10% of the cash price of $9,666.00 or $966.60. As noted above, the time price differential is in the nature of interest for the unpaid purchase price. The commercial statute allows recovery of this time price amount but not interest thereon. We believe that the statute does not allow interest from the date of sale to the date of judgment to be added to the time price differential plus 10% of the cash price. Interest upon the judgment would be allowed pursuant to A.R.S. § 44–1201, but to run from the date of judgment.

The matter is remanded to the Superior Court with directions to enter judgment for the seller on his deficiency claim in the amount of the jury verdict, plus reasonable attorney's fees as provided in the contract of sale, and for imposition of the statutory penalty against the seller in the amount of $10,916.60.

HOLOHAN, C.J., GORDON, V.C.J., and HAYS and FELDMAN, JJ., concur.