Richard ERDMANN and Lorraine Erdmann, Plaintiffs and Appellees,

v.

Harold RANTS, Jr., Defendant and Appellant.

Civ. No. 890075.

Supreme Court of North Dakota.

June 27, 1989.

Legal Assistance of North Dakota, Bismarck, for defendant and appellant; argued by Stephen A. Flynn.

Severin and Ringsak, Bismarck, for plaintiffs and appellees; argued by Ken R. Sorenson, Bismarck.

LEVINE, Justice.

The question presented is whether a defaulting debtor is entitled to recover statutory damages under NDCC § 41–09–53(1) [UCC 9–507], when repossessed secured property, a consumer good, was sold by the creditors in a commercially reasonable manner, but without prior notice of the sale to the debtor. We hold that the debtor is entitled to statutory damages for the creditors' failure to give prior notice of the sale and, therefore, we reverse and remand.

Richard and Lorraine Erdmann sold their mobile home, which was subject to a purchase money security interest with a Fargo bank, to Gene Hagel and William Garrity. Two months later, Hagel and Garrity sold the mobile home to Harold Rants and his wife. Hagel and Garrity then assigned their rights under the mobile home sales agreement to the Erdmanns. Two years after they bought the mobile home, the Rants abandoned the mobile home. The Erdmanns regained possession of the mobile home and sued Harold Rants for the contract balance and for foreclosure of the security interest.

The Erdmanns then advertised and sold the mobile home without giving Rants prior notice of the sale. Rants counterclaimed, and requested statutory damages under NDCC § 41–09–53(1) [UCC 9–507] for failure to receive notice.

The trial court determined that although prior notice of the sale was not given to Rants, Rants was not entitled to statutory damages because the mobile home was sold in a commercially reasonable manner. Rants unsuccessfully moved to amend the judgment and appealed from the order denying the motion to amend the judgment.

The decision on a motion to amend a judgment under Rule 59(j), NDRCivP, rests in the discretion of the trial court and will not be reversed unless there is a manifest abuse of discretion. *Heller v. Heller*, 367 N.W.2d 179, 183 (N.D.1985). A trial court abuses its discretion if it misinterprets or misapplies the law. *Dakota Bank and Trust Co. of Fargo v. Brakke*, 404 N.W.2d 438, 444 (N.D.1987).

The issue on appeal is whether the trial court misinterpreted the law, and, thus, abused its discretion, in concluding that Rants was not entitled to recover statutory damages under NDCC § 41–09–53(1).

NDCC § 41–09–53(1) [UCC 9–507] sets forth a secured party's liability for failure to comply with NDCC §§ 41–09–47 through 41–09–52 (UCC Article 9, part 5):

"1. If it is established that the secured party is not proceeding in accordance with the provisions of this part disposition may be ordered or restrained on appropriate terms and conditions. If the disposition has occurred the debtor or any person entitled to notification or whose security interest has been made known to the secured party prior to the disposition has a right to recover from the secured party any loss caused by a failure to comply with the provisions of this part. *If the collateral is consumer goods, the debtor has a right to recover in any event an amount not less than the credit service charge plus ten percent of the principal amount of the debt or the time price differential plus ten percent of the cash price.*" [Emphasis added.]

Under NDCC § 41–09–50(3) [UCC 9–504], a secured party must dispose of collateral in a commercially reasonable fashion and must also give the debtor reasonable notice of the time and place of any public sale, or reasonable notice of the time after which any private sale or other intended disposition is to be made. There is no dispute that notice was not given to Rants or that the failure to give notice is a violation of NDCC § 41–09–50(3) [UCC 9–504]. Rants asserts that the trial court misinterpreted the law in finding that he was not entitled to statutory damages under NDCC § 41–09–53(1) [UCC 9–507]. Rants argues that the statute entitles him to a minimum recovery because of the failure to notify him of the sale, regardless of the commercial reasonableness of that sale. We agree.

The interpretation of a statute is fully reviewable by this court. *Ladish Malting Co. v. Stutsman County*, 351 N.W.2d 712,

718 (N.D.1984). In interpreting a statute, we first look to the language of the statute and, if the intent of the statute is apparent from its face, there is no room for construction. *State v. Grenz*, 437 N.W.2d 851, 853 (N.D.1989). Words must be given their plain, ordinary and commonly understood meaning, and consideration should be given to the ordinary sense of the statutory words, the context in which they are used, and the purpose which prompted their enactment. *Coldwell Banker v. Meide & Son, Inc.*, 422 N.W.2d 375, 379 (N.D.1988). We construe a statute which is part of a uniform law with the aim to conform it with the law of those states which enact it. NDCC § 1–02–13.

Under the plain language of NDCC § 41–09–53(1) [UCC 9–507], if a secured party does not proceed in accordance with part 5 of Article 9 [NDCC §§ 41–09–47 through 41–09–52] and disposition has occurred, (1) the debtor has a right to recover from the secured party any loss caused by a failure to comply with the provisions of part 5, and (2) if the collateral is consumer goods, the debtor is entitled to a minimum recovery, which is an amount not less than the credit service charge plus ten percent of the principal amount of the debt or the time price differential plus ten percent of the cash price.

By failing to notify Rants of the intended disposition, the creditors did not proceed in accordance with NDCC § 41–09–50(3) [UCC 9–504], even though the sale of the mobile home was commercially reasonable. Their failure to give notice triggers the statutory damages provision and because the collateral is a consumer good, the debtor, Rants, is entitled to recover damages, "in any event," regardless of his actual loss.

NDCC § 41–09–53(1) [UCC 9–507] entitles the debtor to a "minimum recovery" as a statutory penalty for the creditor's failure to give notice notwithstanding commercial reasonableness and notwithstanding no actual loss. *See* White and Summers, Uniform Commercial Code, § 27–18 at 623 (3rd ed. 1988).

We believe that the intent of the statute is apparent on its face. The purpose of NDCC § 41–09–53(1) [UCC 9–507] is to encourage creditors to comply with all provisions of part 5 or face the consequences of noncompliance. We agree with the view that the drafters created a statutory penalty in UCC 9–507 to "up the ante for those who would abuse the consumer" because in most cases, compensatory damages are "an insufficient deterrent to creditor misbehavior in nickel and dime consumer transactions where such damage will amount to very little...." White and Summers, Uniform Commercial Code, § 27–18 at 623 (3rd ed. 1988).

We have found no courts that have otherwise interpreted their analogous provision to NDCC § 41–09–53(1).[1] *See Community Management Ass'n of Colorado Springs, Inc. v. Tousley*, 505 P.2d 1314 (Colo.Ct.App.1973); *Willard v. Northwest Nat. Bank of Chicago*, 137 Ill.App.3d 255, 92 Ill.Dec. 92, 484 N.E.2d 823 (1 Dist.1985); *Northwest Bank and Trust Co. v. Gutshall*, 274 N.W.2d 713 (Iowa 1979); *Walker v. V. M. Box Motor Co. Inc.*, 325 So.2d 905 (Miss.1976); *Conti Causeway Ford v. Jarossy*, 114 N.J.Super. 382, 276 A.2d 402 (1971); *Crosby v. Basin Motor Co.*, 83 N.M. 77, 488 P.2d 127, 129 (1971); *Atlas Credit Corp. v. Dolbow*, 193 Pa.Super. 649, 165 A.2d 704 (1961); *First City Bank–*

---

**1.** The Erdmanns urge us to follow the Arizona Supreme Court in *Gulf Homes, Inc. v. Goubeaux*, 136 Ariz. 33, 664 P.2d 183, 186 (1983), which stated that "the buyers ... were able to show the sale was commercially unreasonable and could therefore rely on the specific provisions of the statute [UCC 9–507(1)]...." They read too much into the Arizona decision. A commercially unreasonable sale is a violation of UCC 9–504 [NDCC § 41–09–50(3)]. A violation of any of the default provisions triggers the statutory penalty. The Arizona court merely held that a commercially unreasonable sale entitles the debtor to damages under UCC 9–507. The court did not hold that commercial unreasonableness is the only violation that triggers the penalty section. Moreover, the court explained that UCC 9–507(1) included a consumer goods remedy in the nature of a penalty, legislatively adopted to discourage noncompliance by creditors and was a minimum recovery to which the consumer was entitled regardless of his ability to show actual loss. *Id.* The Arizona case is consistent with our interpretion of our Legislature's adoption of UCC 9–507.

*Farmers Branch, Texas v. Guex,* 677 S.W. 2d 25 (Tex.1984); *Rotta v. Early Industrial Corp.,* 47 Wash.App. 21, 733 P.2d 576 (1987).

The Erdmanns urge that our decision in *State Bank of Burleigh County Trust Co. v. All–American Sub, Inc.,* 289 N.W.2d 772 (N.D.1980), requires us to interpret NDCC § 41–09–53(1) to provide for statutory damages only if the sale is commercially unreasonable and not for the failure to give adequate notice to the debtor.

Our response is two-fold. First, the issue here is one of statutory interpretation. In *All–American Sub,* the issue was whether the failure to give notice was an absolute bar to a deficiency. No statute provided for such a bar; indeed, there was no statute to interpret or construe. Instead, we chose between competing views. Here, the language of NDCC § 41–09–53(1) is unequivocal and leaves us with no choice. When the intent of the statute is apparent from its face, there is no room for construction. *State v. Grenz, supra.*

Second, we see no inconsistency between our interpretation of NDCC § 41–09–53(1) and our holding in *All–American Sub.* In *All–American Sub,* we held that a creditor's failure to give notice is not per se commercially unreasonable and does not bar a deficiency judgment. 289 N.W.2d at 780. Rather, it creates a rebuttable presumption that no deficiency is due. *Id.* Part of the rationale for applying the rebuttable presumption, instead of the absolute bar, is that it provides protection for both creditor and debtor. It allows an errant creditor to recoup his or her investment upon proof that the resale price would have been the same with notice and it protects the debtor from an unfair deficiency while allowing a nonconsumer-debtor recovery under UCC 9–507(1) of whatever losses were occasioned by creditor noncompliance. As for the consumer-debtor, no loss need be sustained. A statutory penalty is assessed against the creditor who does not comply with the default provisions, including the notice requirement, regardless of whether the consumer-debtor has sustained a loss, and regardless of

whether the sale was commercially reasonable. The penalty evinces a strong policy by the UCC drafters and our Legislature that the best protection for consumers is creditor compliance with all of the default provisions of part 5. A flat penalty for noncompliance is the means chosen by the framers of the UCC and our Legislature to ensure that creditors take careful steps to comply with those default provisions.

We note that several jurisdictions have rejected, as we did in *All–American Sub,* the "absolute bar" approach, while interpreting UCC 9–507(1), as we do now, as a penalty provision entitling the debtor to a minimum recovery when the collateral is consumer goods. *See, e.g., Willard v. Northwest Nat. Bank of Chicago,* 137 Ill. App.3d 255, 92 Ill.Dec. 92, 484 N.E.2d 823 (1 Dist.1985); *Walker v. V.M. Box Motor Co., Inc.,* 325 So.2d 905 (Miss.1976); *Conti Causeway Ford v. Jarossy,* 114 N.J.Super. 382, 276 A.2d 402 (1971).

Erdmann also argues that Rants waived his right to notice by abandoning the mobile home and counterclaiming for revocation of acceptance. Waiver of notice was not included in the parties' stipulated facts, was not raised at the trial court level and was not a basis for the trial court's decision. Issues cannot be raised for the first time on appeal. *Farmers State Bank of Leeds v. Thompson,* 372 N.W.2d 862, 865, n. 3 (N.D.1985).

We conclude that Rants is entitled to statutory damages due to the Erdmanns' failure to comply with the notice provision in NDCC § 41–09–50(3). In holding to the contrary, the trial court misinterpreted the law, thus abusing its discretion. Accordingly, we reverse and remand for a determination of damages in accordance with NDCC § 41–09–53(1) [UCC 9–507].

ERICKSTAD, C.J., and MESCHKE, GIERKE and VANDE WALLE, JJ., concur.