[This opinion has been published in *Ohio Official Reports* at 72 Ohio St.3d 192.]

KRUSE, APPELLANT, *v*. VOYAGER INSURANCE COMPANIES ET AL.; FIFTH THIRD BANK OF NORTHWESTERN OHIO, N.A., APPELLEE.

[Cite as *Kruse v. Voyager Ins. Cos.,* 1995-Ohio-120.]

*Secured transactions—Disposition of collateral after default by debtor—Where collateral is consumer goods, debtor may recover pursuant to R.C. 1309.50(A), when.*

———————————

Regardless of whether a secured party's disposition of collateral after default by the debtor is commercially reasonable, where the collateral is consumer goods the debtor may recover pursuant to R.C. 1309.50(A) if the secured party fails to provide the debtor with reasonable notice of the sale of the collateral in accordance with R.C. 1309.47(C).

———————————

(No. 94-827—Submitted March 8, 1995—Decided May 17, 1995.)

CERTIFIED by the Court of Appeals for Lucas County, No. L-93-169.

———————————

{¶ 1} Plaintiff-appellant, Marianne K. Kruse, purchased an automobile in 1990 and financed the purchase with money borrowed from defendant-appellee, Fifth Third Bank of Northwestern Ohio, N.A. ("Fifth Third"), with the automobile serving as collateral for the loan. In late 1991, Fifth Third notified her that she was in default on her loan payments. Shortly thereafter, appellant's automobile was repossessed and sold by Fifth Third.

{¶ 2} After the foreclosure and sale, appellant brought suit against Fifth Third and against Voyager Insurance Companies, properly called Voyager Life Insurance Company ("Voyager"), claiming that the automobile had been wrongfully repossessed. Fifth Third answered and counterclaimed for a deficiency

judgment against appellant in the amount of $2,477.44 plus interest, alleging that the proceeds of the sale after default fell short of meeting appellant's debt. During the litigation, appellant dismissed her claims against Voyager. Appellant and Fifth Third each filed motions for summary judgment with the trial court. The trial court granted summary judgment in favor of Fifth Third on appellant's claim of improper repossession, finding that the repossession was lawful; denied Fifth Third's motion for summary judgment on its counterclaim; and granted appellant's motion for leave to file an amended answer to Fifth Third's counterclaim.

{¶ 3} In her amended answer, appellant claimed that Fifth Third had failed to give her proper notice of the foreclosure sale, and that Fifth Third had failed to prove the commercial reasonableness of the sale. Appellant contended that Fifth Third's failure to comply with R.C. 1309.47 barred Fifth Third from collecting a deficiency judgment against her. In addition, appellant counterclaimed for the recovery allowed by R.C. 1309.50(A) when a secured party fails to comply with requirements for disposition of the collateral.

{¶ 4} Both parties again moved for summary judgment. The trial court found that Fifth Third had not given appellant adequate notice of the sale of the collateral, and that, therefore, Fifth Third was barred from recovering a deficiency judgment from appellant. As to appellant's counterclaim for recovery under R.C. 1309.50(A), the court determined that since appellant now conceded that the sale of the automobile was commercially reasonable, Fifth Third was not liable under R.C. 1309.50(A) for the failure to provide appellant with proper notice of the sale. Appellant appealed from the decision to deny recovery on her counterclaim, and the court of appeals affirmed.

{¶ 5} The appellate court, finding its judgment to be in conflict with the judgment of the Court of Appeals for Cuyahoga County in *Soc. Natl. Bank v. Hardmon* (Oct. 11, 1990), Cuyahoga App. Nos. 57098 and 57206, unreported, 1990 WL 151666, and with the judgment of the Court of Appeals for Franklin County in

*Soc. Bank, N.A. v. Cazeault* (1993), 83 Ohio App.3d 84, 613 N.E.2d 1103, certified the record of the cause to this court for review and final determination.

———————————

*Boyk & McCulley* and *Steven L. Crossmock*, for appellant.

*Gregory Sova,* for appellee.

———————————

**ALICE ROBIE RESNICK, J.**

**{¶ 6}** The issue certified for our review is "whether a creditor's failure to provide adequate notice of the sale of collateral establishes, as a matter of law, that the sale was commercially unreasonable so as to permit the debtor to not only defeat a prayer for a deficiency judgment but also obtain money damages under R.C. 1309.50(A)."

**{¶ 7}** R.C. 1309.50(A) (UCC 9-507[1]) provides:

"If it is established that the secured party is not proceeding in accordance with the provisions of sections 1309.44 to 1309.50, inclusive, of the Revised Code, disposition may be ordered or restrained on appropriate terms and conditions. If the disposition has occurred the debtor or any person entitled to notification or whose security interest has been made known to the secured party prior to the disposition has a right to recover from the secured party any loss caused by a failure to comply with the provisions of sections 1309.44 to 1309.50, inclusive, of the Revised Code. *If the collateral is consumer goods, the debtor has a right to recover in any event an amount not less than the credit service charge plus ten percent of the principal amount of the debt or the time price differential plus ten percent of the cash price.*" (Emphasis added.)

**{¶ 8}** In 2 White & Summers, Uniform Commercial Code (3 Ed.1988) 623, Section 27-18, the authors discuss the rationale behind the last sentence of UCC 9-507(1):

"It is now all but indisputable that compensatory damages are an insufficient deterrent to creditor misbehavior in nickel and dime consumer transactions where such damages will amount to very little in most cases. It is not surprising, therefore, that the draftsmen installed a statutory penalty in 9-507 to up the ante for those who would abuse the consumer * * *.

"The sentence is a penalty—a 'minimum recovery' the comment [Comment 1 to UCC 9-507] calls it—and the consumer is entitled to it even if he has not suffered a penny's loss." (Footnotes omitted.)

{¶ 9} Although appellant has conceded that Fifth Third's sale of her automobile after foreclosure was done in a commercially reasonable manner, appellant claims entitlement to the award of R.C. 1309.50(A) relating to consumer goods. Fifth Third urges that the commercial reasonableness of the sale precludes the award and that a creditor that has been barred from recovering a deficiency judgment for failure to provide proper notice of the disposition of collateral to a debtor in default may not also be subject to liability involving consumer goods under R.C. 1309.50(A).[1] Fifth Third did not appeal from the trial court's decision that notice of the sale was inadequate, so no issue regarding the propriety of the notice is before us. Fifth Third also did not appeal from the trial court's decision that the failure to provide notice to the debtor barred Fifth Third from recovering a deficiency judgment from appellant; that issue also is not before us.

---

1. Fifth Third also proposes that a debtor may not recover under R.C. 1309.50(A) when the debtor fails to take advantage of an opportunity to establish before the disposition of the collateral that the creditor is not proceeding in accordance with Revised Code provisions for the disposition. Fifth Third, apparently advocating imposing an obligation upon a debtor in default to pursue injunctive relief whenever possible, bases its argument on the provision in the first sentence of R.C. 1309.50(A) that "disposition may be ordered or restrained on appropriate terms and conditions." Although we believe that reading R.C. 1309.50(A) to place an affirmative duty on the debtor to seek injunctive relief prior to the disposition of the collateral strains the language of that statute, we do not decide this issue, as we find that Fifth Third has waived this argument by not raising it in the trial court.

{¶ 10} The parties do not dispute that the collateral, the automobile taken by Fifth Third upon appellant's default, is "consumer goods" for R.C. 1309.50(A) purposes. R.C. 1309.07(A) provides that goods are "'consumer goods' if they are used or bought for use primarily for personal, family, or household purposes."

{¶ 11} The court of appeals, in its phrasing of the certified issue, appears to presuppose that a creditor's sale of repossessed collateral must necessarily be commercially unreasonable before a debtor may recover the statutory award relative to consumer goods in R.C. 1309.50(A). However, we do not read R.C. 1309.50(A) to impose such a requirement. Although it is true that a failure to conduct a commercially reasonable sale would be a failure to comply with Revised Code provisions for disposition of the collateral, a commercially reasonable sale is only one of the requirements imposed by the Revised Code for the disposition.

{¶ 12} Comment 1 to UCC 9-507 states that "[t]he principal limitation on the secured party's right to dispose of collateral is the requirement that he proceed in good faith (Section 1-203 [R.C. 1301.09]) and in a commercially reasonable manner. See Section 9-504 [R.C. 1309.47]. * * * The section [UCC 9-507] * * * provides for damages where the unreasonable disposition has been concluded, and, in the case of consumer goods, states a minimum recovery."

{¶ 13} This comment, however, does not limit the application of R.C. 1309.50(A) to only those cases where the creditor has failed to dispose of the collateral in a commercially reasonable manner, in light of the statute's clear provision of a debtor's right to recover for loss caused by the secured party's "failure to comply with the provisions of *sections 1309.44 to 1309.50, inclusive,* of the Revised Code." (Emphasis added.) See *Erdmann v. Rants* (N.D.1989), 442 N.W.2d 441, 443, fn.1 (commercial unreasonableness is not the only violation that will trigger UCC 9-507). R.C. 1309.47(C) provides that every aspect of the creditor's disposition of the collateral after default must be "commercially reasonable." R.C. 1309.47(C) also imposes on the secured party a responsibility to

send to the debtor "reasonable notification of the time and place of any public sale" as a requirement separate from that of conducting a commercially reasonable sale.

{¶ 14} In *Erdmann v. Rants, supra*, 442 N.W.2d at 443, the Supreme Court of North Dakota stated:

"By failing to notify [the debtor] Rants of the intended disposition, the creditors did not proceed in accordance with NDCC { 41-09-50(3) [UCC 9-504], even though the sale * * * was commercially reasonable. Their failure to give notice triggers the statutory damages provision and because the collateral is a consumer good, the debtor, Rants, is entitled to recover damages, 'in any event,' regardless of his actual loss. NDCC {41-09-53(1) [UCC 9-507] entitles the debtor to a 'minimum recovery' as a statutory penalty for the creditor's failure to give notice notwithstanding commercial reasonableness and notwithstanding no actual loss."

{¶ 15} Courts frequently discuss notification to the debtor as an aspect of the concept of commercial reasonableness, and it is true that debtor notification can be a part of the total inquiry into whether a sale of collateral was commercially reasonable. However, when R.C. 1309.50(A) is specifically at issue, the requirement that the creditor properly notify the debtor of the sale is separate from the requirement that the creditor conduct a commercially reasonable sale. In *Huntington Natl. Bank v. Elkins* (1990), 53 Ohio St.3d 79, 559 N.E.2d 456, and in *Ford Motor Credit Co. v. Potts* (1989), 47 Ohio St.3d 97, 548 N.E.2d 223, this court discussed what a commercially reasonable sale of collateral is, and cited R.C. 1309.50(B) for standards to be applied in determining commercial reasonableness. However, neither case cited R.C. 1309.50(A), and neither case stands for the proposition that notice to the debtor is merely one of several components of commercial reasonableness.

{¶ 16} Since notice to the debtor is a requirement in its own right under R.C. 1309.47(C), the failure of the creditor to provide reasonable notice to the debtor of the foreclosure sale triggers the statutory award. We hold that, regardless of

whether a secured party's disposition of collateral after default by the debtor is commercially reasonable, where the collateral is consumer goods the debtor may recover pursuant to R.C. 1309.50(A) if the secured party fails to provide the debtor with reasonable notice of the sale of the collateral in accordance with R.C. 1309.47(C). In this case, the trial court held that Fifth Third had failed to provide appellant with the required notice. Therefore, since the collateral is consumer goods, appellant is entitled to recover from Fifth Third under the consumer-goods provision of R.C. 1309.50(A). A debtor in appellant's position need do no more than demonstrate that the statutory circumstances have been met, and appellant has done so.

**{¶ 17}** Having determined that appellant is entitled to recover under the clear terms of R.C. 1309.50(A), we next consider whether appellant may get the statutory recovery in addition to the benefit she received when Fifth Third's deficiency judgment was disallowed, or whether appellant has already been compensated for Fifth Third's failure to provide notice by the denial of the deficiency judgment.

**{¶ 18}** Initially, we note that the trial court's decision that Fifth Third's failure to provide adequate notice of the sale served as an absolute bar to Fifth Third's right to collect a deficiency judgment was in accord with the prevailing view taken by courts of appeals in Ohio at the time the events underlying this litigation occurred. See, *e.g., Horizon Savings v. Wootton* (1991), 73 Ohio App.3d 501, 503, 597 N.E.2d 1150, 1151; *Toledo Trust Co. v. Aldrich* (1989), 65 Ohio App.3d 189, 193, 583 N.E.2d 371, 374; *Liberty Natl. Bank of Fremont* v. *Greiner* (1978), 62 Ohio App.2d 125, 132-133, 16 O.O.3d 291, 296-297, 405 N.E.2d 317, 323-324.

**{¶ 19}** The "absolute bar" rule applied in the above cases is one of several approaches the courts of the various states have applied when determining whether a debtor who receives inadequate notice of the disposition of repossessed collateral is liable for a deficiency judgment. See Annotation, Uniform Commercial Code:

Failure of Secured Creditor to Give Required Notice of Disposition of Collateral as Bar to Deficiency Judgment (1974), 59 A.L.R.3d 401.

{¶ 20} Former R.C. 1309.47 did not specify the consequences of a secured party's failure to provide the debtor with reasonable notice of the sale on the secured party's right to recover a deficiency judgment. The "absolute bar" rule was adopted by Ohio courts without explicit support in R.C. 1309.47. However, effective July 1, 1992, R.C. 1309.47 was amended to apply a rebuttable presumption against any deficiency when a secured party in disposing of collateral fails to comply with the requirements of R.C. 1309.47(C). See R.C. 1309.47(B)(2). A secured party is no longer barred from recovering a deficiency judgment for failure to comply with R.C. 1309.47(C). Rather, the Revised Code now specifies that the secured party may recover a deficiency judgment based upon proof of the appropriate value of the collateral, with the appropriate value of the collateral rebuttably presumed to equal the secured indebtedness. R.C. 1309.47(B)(2)(d). R.C. 1309.47, as amended, is not applicable in this case, since the events at issue occurred prior to the effective date.

{¶ 21} The issue the court of appeals certified would have us decide whether a debtor who benefits from the creditor's being denied a deficiency judgment for inadequate notice may also benefit by recovering a statutory award pursuant to the last sentence of R.C. 1309.50(A). We recognize that there is authority to support each party's position on this issue.

{¶ 22} On the one hand, Fifth Third argues that to both deny it the right to a deficiency judgment and also make it liable for the statutory award pursuant to R.C. 1309.50(A) in effect subjects it to a double penalty for the same behavior. Fifth Third points out that it was absolutely barred from recovering a deficiency judgment, even though no provision of former R.C. 1309.47 specifically provided for such a bar. Thus a strong argument can be made that the deficiency judgment was denied for equitable reasons. Since the deficiency recovery was barred without

regard to the amount of the deficiency outstanding, the bar was not really an award of damages, but functioned to punish Fifth Third for giving inadequate notice. Fifth Third urges this court not to bar deficiency judgments but to adopt an equitable setoff approach, which allows the R.C. 1309.50(A) recovery to be set off against the creditor's deficiency judgment.

**{¶ 23}** In *Bank of Chapmanville v. Workman* (1991), 185 W.Va. 161, 168, 406 S.E.2d 58, 65, the Supreme Court of Appeals of West Virginia noted that UCC 9-507[1] is a "*minimum* damages provision," (emphasis sic) and found that a debtor may not take the full statutory consumer goods award in addition to benefiting from the denial of the creditor's deficiency judgment. See, also, *Gulf Homes, Inc. v. Goubeaux* (1983), 136 Ariz. 33, 36, 664 P.2d 183, 186 (deficiency amount owed by debtor upon default and sale may be set off against statutory liability of creditor for noncompliance with provisions for disposition of collateral); *Davenport v. Chrysler Credit Corp*. (Tenn.App.1991), 818 S.W.2d 23, 32 (deficiency judgment and UCC 9-507(1) award may be set off against each other).

**{¶ 24}** Appellant, on the other hand, emphasizes that the purpose behind R.C. 1309.50(A)'s award when the collateral is consumer goods is to protect the debtor from abuse by the secured party. The statutory award cannot really be characterized as compensatory damages, because the amount of the award is unrelated to the degree of harm suffered, and is also unrelated to the actual degree of wrongdoing by the secured party. The award is more in the nature of a punishment imposed upon the secured party to ensure that procedures for disposition of the collateral are strictly complied with when the collateral is a consumer good. Appellant in effect argues that the statutory award is independent from questions relating to the deficiency judgment, so that no setoff should occur in this case.

**{¶ 25}** Appellant's argument finds support in *Staley Emp. Credit Union v. Christie* (1982), 111 Ill.App.3d 165, 169, 443 N.E.2d 731, 734, where the court

held that a disallowed deficiency judgment cannot diminish a statutory recovery under UCC 9-507(1) for consumer goods collateral.

{¶ 26} Although we see some merit in Fifth Third's argument that not allowing a setoff subjects it to two punishments for the same ( relatively minor) failure to give adequate notice, we are constrained from granting a setoff under the unique circumstances of this case. That is, Fifth Third failed to appeal the trial court's decision to deny a deficiency judgment against appellant. With the case in this posture, we must accept that Fifth Third was not entitled to a deficiency judgment. To now allow a setoff, when appellant is entitled to her full R.C. 1309.50(A) award under the clear authority of that statute, would in effect allow Fifth Third to prevail on an issue which it did not appeal. A setoff would in effect be awarding a deficiency judgment to Fifth Third, since the setoff would come from the deficiency award, and that award has already been conclusively denied. Furthermore, since the current version of R.C. 1309.47(B) is inapplicable to this case, Fifth Third was unable to use that statute's provisions in the trial court to establish appellant's liability for a deficiency judgment in arguing for a setoff.

{¶ 27} As a final matter, we consider the amount appellant is entitled to recover pursuant to the formulae contained in the last sentence of R.C. 1309.50(A):

"The Code uses two formulae to cover both situations in which the debtor may borrow money and secure the debt with consumer goods. If the debtor has borrowed money from a third party who is not the seller, the formula for recovery is the amount of the service charge, plus ten percent of the principal amount of the debt. The service charge is the interest which will accrue over the life of the loan and not just the service charge remaining when the consumer-debtor brings suit. The principal amount of the debt, of course, means the original amount of the debt without any additions for interest or deductions for payment made. * * *

"If the debtor has borrowed money from the seller, the formula for recovery is the time price differential plus ten percent of the cash price. The time price

differential is the difference between the time, or credit, price which a buyer would pay for an item if he borrowed the money and paid for it over a period of time and the cash price which the same buyer would pay if he borrowed no money and paid the full price immediately for the item." (Footnotes omitted.) 9 Hawkland, Lord & Lewis, Uniform Commercial Code Series (1991) 901-902, Section 9-507:06.

{¶ 28} The parties agree that pursuant to the first formula, appellant would be entitled to get $2,461.91, which is the credit service charge ($1,983.93) plus ten percent ($477.98) of the principal amount of the debt. Appellant, however, claims more under the second formula. It is apparent that appellant's attempted calculation under this second formula mistakenly uses the price paid at the sale after foreclosure by the *third party who bought the collateral*, rather than the cash price paid by the debtor to purchase the automobile, and mistakenly uses the difference between the original purchase price and the foreclosure sale price as the time price differential, to compute the statutory award. For a case which applies the second ("time price differential") formula, where a debtor borrowed money from the seller to make the purchase, see Gulf Homes, Inc. v. Goubeaux, supra, 136 Ariz. at 39, 664 P.2d at 189. We find that appellant's proper recovery pursuant to R.C. 1309.50(A) is $2,461.91. The cause is remanded to the trial court to enter judgment for appellant in that amount.

*Judgment reversed*
*and cause remanded.*

MOYER, C.J., WRIGHT, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

DOUGLAS, J., dissents.

———————————