JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Rafael M. Pedro, III, purchased a new 1995 Nissan Sentra from Ganley Nissan, putting $1,000 down and financing the balance of $19,592.92 with defendant-appellee Nissan Motor Acceptance Corporation ("Nissan"). After 18 months, Pedro stopped making monthly payments, and after three consecutively missed payments, Nissan repossessed the car in May of 1997. Two days after the repossession, as required by law, Nissan mailed Pedro a "Notice of Intent to Dispose of Repossessed or Surrendered Motor Vehicle." The car was sold at auction and a deficiency resulted.
 {¶ 2} This suit seeking judgment upon the deficiency was filed in Cleveland Municipal Court. Pedro filed an answer and counterclaim, claiming damages, and the *Page 3 
matter was transferred to Cuyahoga County Court of Common Pleas. The case was decided by the trial court upon stipulated facts and motions by both Pedro and Nissan for summary judgment. The trial court granted Nissan's motion for summary judgment and denied the motion for summary judgment filed by Pedro.
 Standard of Review {¶ 3} Civ. R. 56(C) provides that summary judgment is appropriate when: 1) there is no genuine issue of material fact, 2) the moving party is entitled to judgment as a matter of law, and 3) after construing the evidence most favorably for the party against whom the motion is made, reasonable minds can reach only a conclusion that is adverse to the nonmoving party. Zivich v. Mentor Soccer Club, Inc., 82 Ohio St.3d 367,369-370, 1998-Ohio-389; Temple v. Wean United, Inc., 50 Ohio St.2d 317,327. We review the trial court's judgment de novo using the same standard that the trial court applies under Civ. R. 56(C). Grafton v.Ohio Edison Co., 77 Ohio St.3d 102, 105, 1996-Ohio-336.
 Nissan's Motion for Summary Judgment {¶ 4} Nissan contends that it followed appropriate procedures in giving notice to Pedro that it had repossessed his car, explained the circumstances that constituted default, itemized the sum Pedro was required to pay to cure the default, appropriately sold the automobile at auction, correctly calculated the amount of deficiency owed by Pedro, and was therefore entitled to summary judgment. *Page 4 
 {¶ 5} Pedro, on the other hand, contends that in 1995 (the date the contract was entered into), R.C. 1317.12 provided, in pertinent part, that:
 "* * * [I]f collateral for a consumer transaction is taken possession of by the secured party on default * * * the secured party shall * * * send to the debtor a notice setting forth specifically the circumstances constituting the default and the amount by itemization that the debtor is required to pay to cure the default. * * * A secured party who disposes of the collateral without sending notice required by this section may not recover the costs of retaking possession of the collateral and is not entitled to a deficiency judgment.
 The debtor may cure the default within twenty-days after the secured party retakes possession of the collateral, or within fifteen days after the secured party sends the notice required by this section, whichever is later, by delivering to the secured party the following: * * *"
 {¶ 6} The parties agree Nissan's notice correctly stated the circumstances surrounding the default and the amount by itemization Pedro was required to pay in order to cure. The disagreement arises from the fact that additional information in the notice erroneously advised Pedro that he had 15 days to redeem from the date of repossession of the automobile. Pedro urges us to hold that the "cure provision" portion of the statute is required to be set forth in the notice, and, further, that its inaccuracy entitles him to avoid the costs of retaking possession of the car, and, likewise, the deficiency judgment.
 {¶ 7} Pedro cites no case law for this proposition, and, quite simply, that is not the language in the statute. Under the statute, only the circumstances of the repossession and the itemization required to cure are required to be provided in the *Page 5 
notice. Further, the "punishment" for violation of this notice requirement (no costs of repossession and no deficiency judgment) applies only to the failure to address the circumstances surrounding the default and/or the itemization required to cure. There is no statutory "punishment" for an incorrect statement of the law regarding the time limitation to effect the cure.
 {¶ 8} We do find compelling Pedro's argument that although the time constraints surrounding the redemption of the automobile are not required to be in the notice, an incorrect statement of the law that is contained in the notice, should result in some sort of redress. Accordingly, we hold that there is redress if the plaintiff shows some indicia of damage. Here, there is no evidence whatsoever that this either "incorrect" or "false" information resulted in any damage whatsoever to Pedro. Accordingly, we affirm the grant of summary judgment by the court on that issue.
 {¶ 9} Pedro next argues that the original contract of sale in this matter included an agreement to pay attorney fees and, therefore, pursuant to R.C. 1317.08, he was entitled to a cancellation of all future indebtedness and a refund of all past payments made (the remedy before March 22, 1999, the effective date of the amendment to R.C. 1317.08).[1]
 {¶ 10} Pedro cites Ferrari v. Howard, Cuyahoga App. No. 77654, 2002-Ohio-3539, which does indeed state that the law to be applied is the version in effect at the *Page 6 
time the contract is entered into. However, it is readily apparent from reading Ferrari, that the appellate court in that case was unaware of the uncodified but effective Section 3 of 1997 H.B. 108. Section 3 of the bill that contained the amendment states that:
 "(A) Section 1317.08 of the Revised Code, as amended by this act, applies to and governs any action based upon a claim against a retail seller or holder that is pending in any court on the effective date of this section, and to all claims or actions filed on or after that date, notwithstanding any provision of the Ohio law that was effective prior to that date. (B) It is the intent of the General Assembly that the amendment of Section 1317.08 of the Revised Code by this act is remedial in nature and not substantive."
 {¶ 11} Hence, it is the amended bill that applies in this case. By the amendment, the legislature changed the remedy to permit a debtor to avoid only indebtedness or charges that specifically were unlawful. Therefore, assuming, without deciding, that attorney fee charges included as part of a boilerplate installment sales contract are illegal, the remedy available is to cancel the illegal portion of the indebtedness and to refund monies already paid. Since Pedro's indebtedness did not include any attorney fees, and no attorney fees were, in fact, paid, Pedro is entitled to no damages. Accordingly, summary judgment was correctly granted on this claim.
 Pedro's Motion for Summary Judgment {¶ 12} Pedro argues that he is entitled to damages pursuant to former R.C. 1309.50, because former R.C. 1309.47 mandated that a secured party conduct a commercially reasonable sale after the repossession of a vehicle. He argues that the *Page 7 
sale in this case was not commercially reasonable because the notice sent by Nissan erred in its statement that Pedro had only fifteen days to cure the default, and, therefore, he was entitled to statutory damages as provided by former R.C. 1309.50 (the entire amount of the finance charge, i.e. $8,792.36, and ten percent of the amount financed, or $1,959.29.)
 {¶ 13} Nissan replies that R.C. 1309.47 and 1309.50 were both repealed two years before this lawsuit was filed. Whether the statutes in question constituted viable causes of action and rights to damages at the time the contract was entered into, but ceased to exist two years before the action was filed, is irrelevant to our decision in this case. If their repeal in 2001 prohibits suit upon them in 2003, the trial court was correct in granting summary judgment to Nissan. If suit is permitted upon those statutes, the trial court was still correct in granting summary judgment insofar as we have previously found that gratuitously provided, albeit inaccurate, information regarding the time-frame in which cure is possible (absent proof of actual damages) is not a failure of notice such as to imply a statutory damage award.
 {¶ 14} Appellant's citation to Kruse v. Voyager Ins. Cos. (1995),72 Ohio St. 3d 192, 648 N.E.2d 814, is inapposite here. In Kruse, the Ohio Supreme Court held that even if a sale itself is "commercially reasonable," a failure to provide adequate notice of the sale of the collateral to the debtor as required in former R.C. 1309.47 still implicates the statutory damages provided in R.C. 1309.50(A).Kruse addresses itself not at all to the issue of whether a creditor who gratuitously provides information *Page 8 
to a debtor that is not required to be provided by either statute or case law, and which information is either false or misleading, is entitled to statutory damages, or only actual damages which must be proved by the debtor.
 {¶ 15} Accordingly, we hold that the trial court was correct in both granting Nissan's motion for summary judgment and denying Pedro's motion for summary judgment.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Colleen Conway Cooney, P.J., and Christine T. McMonagle, J., Concur
[1] Under the amended law, the debtor's remedy for an illegal charge allows him only to avoid the indebtedness or charges that were specifically unlawful. *Page 1