Frances Mae SWAN, Respondent,

v.

Jerrold STUART, D/B/A McVay Motor
Company, Appellant.

No. 23594.

Kansas City Court of Appeals.

Missouri.

Feb. 5, 1962.

Russell N. Pickett, Eugene E. Andereck,
Phil Hauck, Thomas O. Pickett, Pickett,
Andereck & Hauck, Trenton, for appellant.

R. LeRoy Miller, Trenton, for respond-
ent.

BROADDUS, Judge.

This action was originally instituted by
Paul Swan and Frances Mae Swan, husband
and wife. In said action they sought to
recover damages against defendant by rea-
son of an automobile collision. Plaintiffs'
petition was in three counts. In Count I
plaintiff, Frances Mae Swan, sought dam-
ages for personal injuries. In Count II
both plaintiffs prayed for damages to their
automobile. In Count III Paul Swan asked
damages for loss of his wife's services.

The jury returned a verdict awarding
Frances Mae Swan $1000 for personal in-

juries, gave plaintiffs nothing for damages to their automobile, and awarded Paul Swan $380 for loss of his wife's services.

Judgment was rendered upon the verdict, and in due time defendant filed his motion for new trial. The motion was taken up by the trial court and "sustained as to Count II and Count III of plaintiffs' petition and overruled as to Count I." Thereafter, defendant appealed to this court, where the case was argued and submitted. On November 6, 1961, we held that the appeal was premature and dismissed the same. (See Mo.App., 350 S.W.2d 832). On November 30, 1961, plaintiffs dismissed Counts II and III of their petition without prejudice. The trial court thereupon entered final judgment in favor of plaintiff, Frances Mae Swan, in the sum of $1000 and defendant has again appealed.

Inasmuch as defendant does not contend that plaintiff did not make a submissible case we will not set out the evidence in detail. Plaintiff and her husband are residents of Grundy County. Defendant, Jerrold Stuart, is an individual doing business as the McVay Motor Company in Trenton, Missouri. On November 30, 1959, one Ferris Brown, an agent for defendant, operated defendant's 1952 Ford automobile in a northerly direction on State Route "N" in Grundy County, and made a left-hand turn at 2–3 miles per hour into the driveway of a farm on the west side of the road. Mrs. Swan operated a 1958 Ford automobile in a southerly direction at 35–40 miles per hour on said Route "N". Each driver was traveling alone. The weather was clear and the road was dry. The right front end of plaintiff's vehicle collided with the rear right end of defendant's vehicle just as defendant's car entered the farm drive. At the scene of the collision Route "N" is a hilly blacktop road. The farm drive into which defendant's car had turned was south of the crest of the hill over which plaintiff's car was approaching.

■ Defendant's first point is that the verdict is excessive. We need not discuss this contention in view of the fact that we have reached the conclusion that the cause must be remanded for a new trial by reason of error committed in the admission of testimony. Neeley v. Snyder, 193 S.W. 610, syl. 10 (Mo.App.); Duncker v. St. Louis Public Service Co., 241 S.W.2d 64, 71 (Mo.App.).

Defendant's other contention is that the court erred in admitting testimony given by plaintiffs' witness, Dr. Duffy, concerning a claimed "rheumatic condition" and "traumatic arthritis" condition suffered by plaintiff.

Nowhere in her petition does plaintiff allege that she suffered from a "rheumatic condition, arthritic condition, of a traumatic nature," nor suffered from "traumatic arthritis." When plaintiff sought to introduce such testimony, the defendant interposed an objection which was overruled by the trial court. Thereafter the doctor expounded at great length on "what that means in her back, traumatic arthritis," contending this to be a permanent condition accompanied by soreness and stiffness.

■■ It is an elementary rule of law that in the face of an objection the plaintiff's evidence must conform to the pleading. Duncan v. Gage, 250 S.W. 647 (Mo.App.). This is because the pleader must not be permitted to prove that which he does not allege. Dimick v. Snyder, 34 S.W.2d 1004 (Mo.App.).

■ The test as to whether or not plaintiff can introduce evidence of "rheumatism" or "traumatic arthritis" turns upon the question of whether or not those complaints are shown to be "the inevitable and necessary result of the injuries alleged." Proctor v. Jacob Ruppert, 236 Mo.App. 684, 159 S.W. 2d 328. The fact that the injury was a natural or usual result of the injuries alleged in the plaintiff's petition is not sufficient. It must be shown that the injuries not pleaded are the *necessary* result of the injuries alleged. Lane v. Kansas City Railways Co., 228 S.W. 870 (Mo.App.).

Thus in the Proctor case, supra, a petition alleging that all of the muscles, ligaments, tendons, nerves, tissues, bones and organs of the plaintiff's abdominal and pelvic regions were wrenched, sprained, bruised, contused, lacerated, torn and misplaced was held not to be sufficient to authorize proof of hernia. In Shafer v. Harvey, 192 Mo. App. 502, 183 S.W. 670, allegations as to injuries of back, spine, ribs, and internal organs were held not to support the testimony as to paralysis and muscular atrophy.

This question was treated fully by the St. Louis Court of Appeals in Ziervogel v. Royal Packing Co., 225 S.W.2d 798, 802. There the court reversed a judgment for plaintiff and held that evidence of increased blood pressure from the time of accident of plaintiff and shoulder injury was inadmissible in the absence of an allegation of special damages to that effect in the petition. On that point the court said:

"It has been held by our Supreme Court that a specific personal injury which is not the necessary or inevitable result of an injury alleged in the petition constitutes an element of 'special damage' which must be specifically pleaded before evidence thereof is admissible." (l. c. 802.)

In the Ziervogel case the plaintiff alleged in her petition that "plaintiff sustained injuries to her neck, back, spine and nervous system and was otherwise injured and her earning capacity had been permanently impaired." In the course of the trial, plaintiff introduced not only evidence of increased blood pressure, but also evidence of a shoulder injury. With reference to the latter the court said:

"What we have said herein with respect to the evidence of plaintiff's increase of blood pressure applies with equal force to the evidence of the injury to plaintiff's shoulder. In the absence of any allegation in plaintiff's petition relating to that injury, it was error for the court to admit such evidence." (l. c. 803.)

The crux of the court's holding in the Ziervogel case appears in this language:

"It will be observed that not only is there no mention of increased blood pressure but no injuries are alleged from which it can reasonably be said that an increase in blood pressure was an inevitable or necessary result. Nor was there any evidence to show that the increased blood pressure was the necessary or inevitable result of the injuries alleged in the petition." (l. c. 802.)

 For the error above noted the judgment is reversed and the cause remanded. All concur.