BOATMEN'S BANK OF NEVADA (formerly Charter Bank of Nevada) a banking corporation, Respondent,

v.

Greggory D. DAHMER, Appellant.

No. WD 37859.

Missouri Court of Appeals,
Western District.

Sept. 16, 1986.

Thomas L. Williams, Joplin, for appellant.

James R. Bickel, Nevada, for respondent.

Before CLARK, C.J., and NUGENT and GAITAN, JJ.

CLARK, Chief Judge.

Boatmen's Bank sued to recover a deficiency on a note given by appellant, Greggory Dahmer, and was awarded a judgment in the amount of $94,182.48 plus interest. On this appeal, Dahmer contends the judgment should be reversed because the bank by its conduct in the repossession and sale of collateral waived its right to pursue an action for the deficiency. Reversed.

The promissory note in question was executed by Dahmer on June 26, 1984 and given to the bank as consideration for a loan. Repayment of the note was secured by the pledge of 347 head of cattle ostensibly owned at the time by Dahmer and listed in a security agreement. The bank later called for payment of the note, apparently because only a few of the cattle could be found at the location specified in the security agreement and those which were located were not in prime condition. The note was declared in default when Dahmer did not respond.

The record is not fully explanatory of subsequent events, but it does appear that Dahmer acquiesced in surrendering possession to the bank of some 77 head of cattle which were sent to a sale barn. The proceeds from the sale were applied to the costs of transportation and sale and attorney fees and the balance was credited against the note. There is no dispute as to the amount realized from the sale or the application of credits.

Dahmer contends on this appeal that the bank waived its right to sue for a deficiency balance when it failed to comply with § 400.9-504(3), RSMo.1978 in that it gave him no written notice of the time and place where the collateral was to be sold after repossession. In an associated point, he says reasonable notice could not have been given in any event because the two days which elapsed between the repossession and the sale did not amount to a commercially reasonable interval. The bank coun-

ters by saying that Dahmer consented to an immediate sale of the cattle and thereby waived his right to notice and is equitably estopped from raising the issue of notice.

For the purpose of ruling the points, we assume the facts to be, as contended by the bank, that Dahmer was present when the bank took possession of the cattle, that Dahmer was orally informed the cattle would be sold two days later by the Fort Scott Sale Company and that the bank had previously been in contact with Dahmer's attorney who had consented on behalf of Dahmer to repossession of the cattle and an immediate sale.

The applicable provision of the Uniform Commercial Code cited above reads as follows:

"Unless collateral is perishable or threatens to decline speedily in value or is of a type customarily sold on a recognized market, reasonable notification of the time and place of any public sale or reasonable notification of the time after which any private sale or other intended disposition is to be made shall be sent by the secured party to the debtor, and except in the case of consumer goods to any other person who has a security interest in the collateral and who has duly filed a financing statement indexed in the name of the debtor in this state or who is known by the secured party to have a security interest in the collateral." Section 400.9-504(3), RSMo.1978.

If a creditor fails to give notice to the debtor of the time and place of sale of repossessed collateral, the creditor waives his entitlement to pursue a deficiency judgment. *Gateway Aviation, Inc. v. Cessna Aircraft*, 577 S.W.2d 860, 863 (Mo.App. 1978). A creditor is held to the requirement of strict compliance with the notice provision of § 400.9-504(3), RSMo.1978, and any doubt as to whether there has been compliance is to be resolved in favor of the debtor. *Modern Auto Co. v. Bell*, 678 S.W.2d 443, 444 (Mo.App.1984). The burden of proof is on the creditor to show compliance with the statute both as to notice and as to the commercial reasonable-

ness of the sale. *First Missouri Bank & Trust Co. v. Newman,* 680 S.W.2d 767, 770 (Mo.App.1984).

The evidence in the present case, consisting only of testimony by a single witness offered by the bank, establishes at most that Dahmer received verbal notice from the bank officer at the time the cattle were repossessed that they would be sold two days later at a Fort Scott auction barn. The hour of the day when the sale would be conducted was not stated and there is no contention that any written notice at all was supplied. The first issue to be considered is, therefore, whether such verbal notice amounted to strict compliance with the notification mandated by the statute as a precondition to a suit for deficiency.

The question of whether the notification requirement of § 400.9–504(3) contemplates in all instances a writing has not previously been expressly addressed by courts of this state. (*See Modern Auto Co. Inc. v. Bell, supra* at 444, footnote 2). The issue was, however, presented in *Executive Financial Services v. Garrison,* 535 F.Supp. 263 (W.D.Mo.1982) *aff'd,* 722 F.2d 417 (8th Cir. 1983). The court held oral notice of the time and place of sale to be insufficient because the statutory language, "reasonable notification shall be sent," contemplates the transmission of a tangible object, that is, a writing in some form. The same view is expressed in *White & Summers Uniform Commercial Code,* 1112 (2nd Ed. 1980). Resolution of the issue in favor of written notice also comports with the rule that if there be doubt upon any condition, it be decided in favor of the interest of debtors.

■ The construction of § 400.9–504(3) adopted in *Executive Financial Services* is, we believe, sound and in conformity with prior decisions of Missouri courts which imposed on creditors seeking deficiency judgments the burden of strict and literal compliance with the statute. The contention that oral notice suffices under a statute requiring that notice be sent is tenuous at best and strains the common meaning of the words employed. We therefore

hold that respondent's oral advice to appellant that the repossessed cattle would be sold the next auction day at the Fort Scott sale barn did not comply with the notice required under the statute and unless notice was excused on other grounds, respondent waived its right to sue for a deficiency.

Although respondent does not concede the necessity for written notice, it argues that in fact in this case, Dahmer by his conduct waived any entitlement to notice at all. The basis for this contention is Dahmer's voluntary relinquishment of the cattle to the bank and his consent to "immediate sale." If Dahmer was entitled to a written notice of the time and place of the public auction sale, as the previous discussion concludes, could Dahmer waive that right? We find that he could not.

■ Section 400.9–501, RSMo.1978 sets out the rights of creditors proceeding against debtors in default and also imposes certain limitations. Expressly included in subsection (3) is the limitation upon variance or waiver of rights to the debtor and duties on the secured party imposed by § 400.9–504, the section considered in the earlier section of this opinion. Paraphrased, the statute prohibits waiver of a debtor's right to notification of the time and place of public sale of repossessed collateral, but authorizes the parties to agree on the standards by which the fulfillment of the rights is to be measured. The import of this section was considered in *Clune Equipment Leasing Corp. v. Spangler,* 615 S.W.2d 106 (Mo.App.1981). The agreement between the parties purported to give the creditor a right to sell the property without notice to the debtor and upon default, such was done. The court held the statutory notice provision may not be waived to the extent that it gives rights to the debtor and imposes duties on the secured party. The debtor in the case, Spangler, was entitled to notice and for failure of the creditor to give notice, the judgment was reversed despite the express agreement in the contract waiving notice.

Applied to the facts of the present case where the waiver was at most inferred or implied, the provisions of the statute do not allow the bank to escape compliance with the notice requirement on a waiver theory. As a condition to enforced collection by suit for the deficiency, the bank was obligated to give Dahmer written notice of the time and place where the cattle would be sold. It did not do so and in consequence may not pursue this action. This determination obviates any discussion of whether the two day time lapse between repossession of the cattle and the public sale was commercially unreasonable.

Respondent has also advanced an intermixture of contentions which are essentially peripheral to the issues discussed above. It makes the assertion that it was exempted from the statutory notice requirement because the cattle were underweight, some had died or were missing and therefore the cattle constituted perishable collateral which could be sold without notice. The only evidence on this subject was to the effect that the cattle had not been fattened for market as was expected. There was no evidence the cattle repossessed would not have survived on adequate feed and water indefinitely and no factual basis whatever to show that the value of the collateral would have been materially affected by a delay in the sale date sufficient to provide time for due written notice to Dahmer. The cattle did not constitute perishable goods which the statute contemplates may be sold without notice.

The bank also argues that the defense of absence of notice to Dahmer of the auction sale was an affirmative defense which appellant was obligated to plead and prove, and since Dahmer offered no evidence at trial but stood on a motion presented at the close of plaintiff's case, he waived the defense. The answer to this argument is found in the earlier cited cases which hold it to be the creditor's burden in a suit for deficiency to prove strict and literal compliance with the statute. Dahmer properly relied on his motion for judgment where respondent offered no proof of notice but, to the contrary, conceded no written notice of the sale had been given.

For the reasons stated, respondent is not entitled to seek a deficiency judgment against appellant for the unpaid note balance. The judgment is therefore reversed and the case is remanded with direction that judgment be entered for appellant.

All concur.