Quincy **THREATS**, Plaintiff–Appellant,

v.

**GENERAL MOTORS CORP.,**
Defendant–Respondent.

No. 65083.

Missouri Court of Appeals,
Eastern District,
Division Two.

Dec. 6, 1994.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 10, 1995.

John E. Bell, Christine A. Gilsinan, St. Louis, for appellant.

James E. McDaniel, James C. Hetlage, Lashly & Baer, P.C., St. Louis, for respondent.

PUDLOWSKI, Judge.

Injured plaintiff appeals the decision of the trial court to dismiss General Motors as a defendant for his failure to state a claim upon which relief may be granted. We reverse because the pleading was sufficient, in light of facts pled, to state a claim for recovery in products liability.

Plaintiff claims that he was walking upon Dunn Road in St. Louis County when he was struck by a vehicle manufactured by defendant General Motors and driven by defendant Arthur Grix. Plaintiff filed suit in the City of St. Louis Circuit Court against both defendants, alleging in Count I that Grix caused him injury by his negligent operation of the vehicle, and alleging in Count II that G.M. caused him injury because the vehicle was "in an unreasonably defective condition" since the time of its manufacture. Specifically, plaintiff alleged:

10. That at the time of the aforementioned collision, defendant Grix' 1978 Buick Century was in an unreasonably defective condition, in that the right sideview mirror was held in a stationary position and had no voluntary collapse capability.

11. That defendant Grix' vehicle was in substantially the same condition at the time of the collision as it was in when it was manufactured by this defendant.

12. That at the time of the collision the vehicle was being used in a manner reasonably anticipated by the defendant.

13. That as a direct and proximate result of the defective condition of defendant Grix' vehicle as aforementioned, plaintiff sustained injuries and damages to his lung, ribs and leg as previously set out herein.

General Motors filed a motion to dismiss for failure to state a cognizable claim, and it was granted. The dismissal of G.M. left no defendant residing in the City of St. Louis. Therefore, defendant Grix moved to transfer venue to St. Louis County. This also was granted. Plaintiff then voluntarily dismissed defendant Grix and appealed to this Court.

In his sole point raised on appeal, plaintiff claims that the trial court erred in granting the motion to dismiss G.M. Plaintiff submits that it inadvertently used the words "unreasonably defective condition" instead of the words "defective condition unreasonably dangerous." These latter words more perfectly describe the elements of a products liability claim because they specifically reference the element of unreasonable dangerousness. Plaintiff argues that the missing element is not fatal to the pleading. We agree.

To determine whether a petition states a legal claim, we view the facts pleaded in the light most favorable to plaintiff, and draw all favorable inferences from the allegations made. *Fields v. R.S.C.D.B., Inc.*, 865 S.W.2d 877, 878 (Mo.App.E.D.1993). Even a missing element is not fatal if the element is inferable from the facts pleaded. *AAA Excavating v. Francis Const.*, 678 S.W.2d 889, 893 (Mo.App.E.D.1984). Under this standard, we find it possible to infer the element of unreasonable danger in plaintiff's petition.

There is an averment of an "unreasonably defective condition" since the time of manufacture by G.M. (¶¶ 10, 11). There is an averment that this "unreasonably defective condition" is dangerous, inferred from the allegation that the condition directly and proximately caused plaintiff's injuries (¶ 13). There is also an averment that the danger is unreasonable, inferred from the allegations that it was "unreasonably defective" and that there was a safer way to design the mirror—it "had no voluntary collapse capability." (¶ 10).

In the context of the surrounding allegations, it is clear that what is meant by "unreasonably defective condition" is a design defect which is unreasonable because of its unreasonable and unnecessary injury potential. Thus, we hold that the pleadings in this case sufficiently invoke the element of unreasonable dangerousness in this products liability action.

Defendant General Motors does not seriously contest the wording of the petition,

as evidenced by its statement at oral argument that "we're not, I don't think, quibbling over the language here because it's not properly pleaded." Rather, it asserts that as a matter of law, its sideview mirrors cannot be considered unreasonably dangerous.

As difficult as it may be to prove, we hold that plaintiff should have the opportunity to show that G.M.'s rigid sideview mirror poses an unreasonable danger to pedestrians. It is true that manufacturers need only build "reasonably safe" vehicles, and that when plaintiffs fail to prove otherwise they do not make a submissible case. *Braun v. General Motors Corp.*, 579 S.W.2d 766, 770–71 (Mo. App.1979). Nevertheless, this determination is normally made *after* plaintiff puts on evidence. *See id.* Unless there is no conceivable way for plaintiff to prove the ultimate facts alleged, plaintiff should be allowed to proceed. It is very conceivable at this stage that plaintiff could show by sufficient evidence that the mirror's rigid design is not reasonably safe and poses an unreasonable risk of injury.

General Motors also contends that the action was properly dismissed because Missouri courts should not recognize a products liability action for protrusions from a vehicle which enhance injuries to pedestrians because the striking of pedestrians cannot constitute a reasonably anticipated use. We disagree.

In Missouri, manufacturers of defective automobiles are liable not only to the purchasers or users of the vehicle, but also to bystanders:

> "An automobile with a defectively connected drive shaft constitutes a substantial hazard on the highway not only to the driver and passenger of the car but also to pedestrians and other drivers. The public policy which protects the driver and passenger of the car should also protect the bystander, and . . . they may recover from the manufacturer of the defective automobile." *Giberson v. Ford Motor Company*, 504 S.W.2d 8, 11 (Mo.1974), quoting *Elmore v. American Motors Corporation*, 70 Cal.2d 578, 75 Cal.Rptr. 652, 451 P.2d 84, 89 (1969).

Thus, G.M. has a duty to make its product reasonably safe for all people, including bystanders such as the plaintiff in this case, when the automobile is put to a reasonably anticipated use. It is irrelevant that the driver, Grix, may have mishandled the car. "The concept of reasonably anticipated use . . . includes misuse and abnormal use which is objectively foreseeable." *Nesselrode v. Executive Beechcraft, Inc.*, 707 S.W.2d 371, 381 (Mo. banc 1986).

The question, then, is whether injuries caused by striking a pedestrian with an outside mirror were reasonably foreseeable by General Motors. Vehicular collisions with pedestrians are not uncommon, and rigid outside mirrors protruding from a vehicle could pose danger to a pedestrian's body. We cannot say as a matter of law that General Motors could not have foreseen that its mirror might cause injuries to a pedestrian similar to those suffered by plaintiff. Cases to the contrary cited by G.M. are inapposite because they involve motions during or after trial against plaintiffs who have failed to adequately support their claims with proper evidence. They do not involve dismissals for failure to state a claim. We will not allow the trial court to summarily deny relief to plaintiff in this case without giving him at least an opportunity to support his stated claim.

Having addressed plaintiff's sole point on appeal, we reverse the trial court's order granting dismissal for failure to state a claim. We also direct the trial court to vacate its order to transfer venue to the Circuit Court of St. Louis County because a fundamental ground supporting the motion to transfer, that plaintiff failed to state a cause of action against St. Louis resident General Motors, has now been disproved. The City of St. Louis remains a proper venue for this action despite the dismissal of defendant Grix, as venue was apparently proper under § 508.010(2) RSMo 1986 when this suit was brought. *State ex rel. DePaul Health Ctr. v. Mummert*, 870 S.W.2d 820, 822–23 (Mo. banc 1994).

Judgment reversed.

WHITE, J., concurs.

SMITH, P.J., dissents.