**TEXTRON FINANCIAL CORPORATION,**
**Plaintiff–Appellant/Cross–**
**Respondent,**

v.

**TRAILINER CORPORATION,**
**Defendant–Respondent/Cross–**
**Appellant.**

Nos. 21744, 21745.

Missouri Court of Appeals,
Southern District,
Division Two.

March 20, 1998.

Motion for Rehearing or Transfer
Denied April 17, 1998.

Application for Transfer Denied
May 26, 1998.

Frederick H. Riesmeyer, II, Derron D. Gunderman, Spradley & Riesmeyer, Kansas City, for appellant.

James W. Newberry, Newberry, Haden, Cowherd, Bullock & Keck, LLC, Bruce McCurry, Chaney & McCurry, LLP, Springfield, for Respondent.

SHRUM, Judge.

This case concerns Textron Financial Corporation's efforts to obtain judgment against Trailiner Corporation (Defendant) as guarantor after Textron (Plaintiff) repossessed and sold certain motor vehicles. There are two appeals.

In No. 21745, Defendant claims *inter alia* that reversible error resulted from the admission of Plaintiff's "Notice of Private Sale" exhibits. At trial, Defendant's objection was that Plaintiff never pled compliance with the notice requirements of § 400.9–504(3).[1] Defendant maintains that, given its timely objection, Plaintiff was not entitled to prove what it never pled; accordingly, the exhibits were inadmissible. Continuing, Defendant says that without the erroneously admitted exhibits, Plaintiff never met its burden of proving compliance with the notice require-

ments of § 400.9–504(3). Based on these arguments, Defendant insists that Plaintiff was not entitled to a deficiency judgment.

We agree. We reverse and remand with directions that judgment be entered for Defendant notwithstanding the jury's verdict.

In No. 21744, Plaintiff maintains that the judgment entered in its favor pursuant to a jury verdict should be set aside as it is inadequate and unsupported by substantial evidence. Alternatively, Plaintiff argues the judgment should be increased via additur. Our decision in No. 21745 renders Plaintiff's appeal moot.

## FACTS

Defendant operated a trucking business in Springfield, Missouri. It owned and leased over-the-road equipment for use in its business. Bobby G. Whitener (Bobby) bought stock in Defendant in 1984. Initially, Bobby was on Defendant's board of directors and served as an officer. By the time of trial, Bobby was only a shareholder.

For several years before, Bobby individually owned many trucks and trailers. During those years, Bobby leased part of his equipment to Defendant. Bobby's source of financing for ten of those trucks was a lease-finance contract with Plaintiff. This lease, dated December 30, 1987, initially covered only two trucks and described the monthly rental for those particular vehicles. Two more trucks were leased and added to the "Master Lease Agreement" on August 15, 1988.

Also on August 15, 1988, a "Continuing Guarantee" was signed by H.E. Whitener and Bobby Whitener as corporate officers of Defendant. The guarantee agreement recited that Defendant was unconditionally guaranteeing any obligation owed by Bobby to Plaintiff, including indebtedness "now in existence or hereafter created." Later, six other trucks were added to the Master Lease Agreement. In total, ten vehicles were financed by Bobby with Plaintiff under the December 30, 1987, lease.

---

1. All Missouri statutory references are to RSMo 1994 unless otherwise stated.

Bobby filed for bankruptcy protection in November 1990. Plaintiff sued Defendant on August 21, 1991. Plaintiff's initial pleading was captioned "Petition On Continuing Guarantee." It alleged that Bobby was in default in his obligations to Plaintiff, that Defendant had breached its guarantee agreement, and that Plaintiff was entitled to judgment against Defendant for all sums owed by Bobby to Plaintiff. Plaintiff repossessed the ten trucks in April or May 1992.

When this case was finally tried on February 10, 1997, it was on Plaintiff's "Second Amended Petition." This petition was filed at a pre-trial conference the first morning of trial.

The Second Amended Petition is without any allegation concerning repossession of the collateral or its sale. Summarized, it merely alleges that Defendant breached the Continuing Guarantee by not paying Plaintiff the money Bobby owed on the December 30, 1997, lease contract. It also alleges that after all credits, Defendant owes Plaintiff $503,179.65 principal. Unspecified interest, collection costs, and attorney fees are also sought.

At trial, Plaintiff attempted to place in evidence "copies of letters giving [Defendant] notice of the sale of this equipment after it was repossessed[.]" Defendant objected saying: "[T]his is beyond the scope of the pleadings...." Continuing, Defendant explained its objection to the Notice of Private Sale letters as follows:

"[Defendant's attorney] The first [point] is that none of this is admissible because it's not plead [sic] and it is a matter that must be plead [sic] in Missouri."

. . . .

"[T]he law in Missouri is clear that you must strictly, strictly comply with the Commercial Code on giving notice of sale. It is a matter of pleading and proof, the burden of the plaintiff in the case who seeks recovery. They did not plead notice."

These objections were overruled and the exhibits were admitted.

The jury found for Plaintiff. It assessed Plaintiff's damages on the Continuing Guar-

antee at $94,417.93, awarded $41,064.01 as interest and set attorney fees at $12,648.00.

Judgment was entered according to the jury's verdict. Both parties filed motions for judgment notwithstanding the verdict. Plaintiff also filed a motion for new trial. After post-trial motions were overruled, these appeals followed.

### DISCUSSION AND DECISION

In No. 21745, Defendant charges that the trial court erred when it denied Defendant's motion for a judgment notwithstanding the verdict. It argues that Plaintiff "failed to make a submissible case on the evidence properly admitted at trial by failing to properly prove it gave [Defendant] sufficient notice as required by Section 400.9–504(3)." In explanation, Defendant points out Plaintiff "did not plead that it gave notice of sale to [Defendant] of the type required by Section 400.9–504(3)." Defendant asserts that Plaintiff was not entitled to offer evidence to support that which it had not pled; consequently, the trial court committed reversible error when it admitted Plaintiff's exhibits 17 through 21. With that as its premise, Defendant insists that absent these notices of private sale, insufficient evidence remains to support the jury verdict.

In pertinent part, § 400.9–504(3) reads:

"Disposition of the collateral may be by public or private proceedings.... [E]very aspect of the disposition including the method, manner, time, place and terms must be commercially reasonable. Unless collateral is perishable or threatens to decline speedily in value or is of a type customarily sold on a recognized market, reasonable notification of the time and place of any public sale or reasonable notification of the time after which any private sale or other intended disposition is to be made shall be sent by the secured party to the debtor."

In discussing the notice requirements of this statute, the eastern district recently wrote:

"A secured party's failure to give reasonable notice of the sale of collateral as mandated by ... section [§ 400.9–504(3)]

precludes that party from obtaining a deficiency judgment. Strict compliance is required because deficiency judgments after repossession of collateral are in derogation of common law. In other words, since deficiency judgments were unheard of at common law, the right to a deficiency judgment accrues only after strict compliance with the relevant statute." (citations omitted).

*McKesson Corp. v. Colman's Grant Village*, 938 S.W.2d 631, 633[4, 5] (Mo.App.1997).

With this in mind, we turn to Defendant's contention that Plaintiff's compliance with § 400.9–504(3) was, in essence, an element of its case that Plaintiff had to plead and prove. The parties do not cite, nor do we find, a Missouri case directly addressing this pleading question. However, Missouri courts consistently have held that the secured party who seeks a deficiency judgment following repossession and sale of collateral bears the burden of proving compliance with the notice requirements of § 400.9–504(3). *RWR, Inc. v. DFT Trucking, Inc.*, 899 S.W.2d 875, 878 (Mo.App.1995); *Lendal Leasing v. Farmer's Wayside Stores*, 720 S.W.2d 376, 379 (Mo.App.1986); *Boatmen's Bank of Nevada v. Dahmer*, 716 S.W.2d 876, 877[2] (Mo.App.1986); *First Missouri Bank & Trust Co. v. Newman*, 680 S.W.2d 767, 769–70 (Mo.App.1984).

Plaintiff concedes this rule, stating in its brief: "Textron bears the burden of proving compliance with § 400.9–504.3." Despite this concession, Plaintiff insists Defendant had the burden of *pleading* non-compliance with the notice provisions of the statute as an affirmative defense or avoidance. This argument—made without citation to authority—ignores *Dahmer* in which the western district held that a debtor was not obligated to *plead* or prove absence of notice as an affirmative defense to recovery of deficiency. 716 S.W.2d at 879[7]. We agree with *Dahmer* on this issue, especially in view of the following rules in non-U.C.C. cases and considering *Anheuser v. Oswald Refractories Co.*, 541 S.W.2d 706 (Mo.App.1976) which we discuss later.

■ Generally, a party with the burden of proof on an element of a cause of action

must also plead that element. *See Gilliam v. Gohn*, 303 S.W.2d 101, 107[8] (Mo.Sup.1957) (holding that when facts must be proven, they must necessarily be pled); *Rositzky v. Rositzky*, 329 Mo. 662, 46 S.W.2d 591, 595 (1931) (holding that the ultimate facts required to make up a cause of action must be pled to be proved). More specifically, when a cause of action requires proof that a statutorily-created condition precedent was met, the party with the obligation to meet the condition must not only plead compliance, but must prove it affirmatively. *See Marshfield Community Bank v. State Banking Bd.*, 496 S.W.2d 17, 21 n. 3 (Mo.App.1973).

In *Anheuser*, U.C.C. provisions governed and § 400.2–706(3), RSMo 1969 was implicated. 541 S.W.2d at 710–11. That section provides that upon a sale "[w]here the resale is at private sale the seller must give the buyer reasonable notification of his intention to resell." *Anheuser* held that where a seller had not *pled* or proved that he gave the statutory notice, he could not recover the difference between the sale price and the contract price. *Id.* at 711[8]. Significantly, *Anheuser* was the principal case relied on when the "No Notice–No Deficiency" rule at issue here was originally adopted in *Gateway Aviation, Inc. v. Cessna Aircraft*, 577 S.W.2d 860 (Mo.App.1978).

■ From our analysis in the four preceding paragraphs, we conclude that compliance with the notice provisions of § 400.9–504(3) is an element of Plaintiff's case that it had to *plead* as well as prove. This is consistent with the holding in *Dahmer* and *Anheuser*. Also, practical considerations favor this view since the secured party directs the transactions that dispose of the collateral. Therefore, the facts proving compliance with notice requirements are peculiarly available to such creditor. *See Chittenden Trust Co. v. Maryanski*, 138 Vt. 240, 415 A.2d 206, 209 (1980).

Our decision is in accord with what is characterized as the "majority view" of this U.C.C. code provision. *Chittenden Trust Co.*, 415 A.2d at 209. *See, e.g., Herman Ford–Mercury, Inc. v. Betts*, 251 N.W.2d 492, 496 (Iowa Sup.1977); *American National Bank v. Perma–Tile Roof Co.*, 200 Cal.

App.3d 889, 246 Cal.Rptr. 381, 384–85[3, 5] (1988) (cases holding that creditor must *plead* and prove compliance with notice provisions of U.C.C. as condition precedent to deficiency judgment).

Plaintiff argues it pled "ultimate facts entitling [it] to relief under Missouri law." Specifically, Plaintiff points out that it pled (1) the existence of the Master Lease Agreement signed by Bobby, (2) the existence of the guarantee agreement executed by Defendant, (3) default by Bobby, (4) demand by Plaintiff that Defendant pay Bobby's debt, (5) credit was given for all payments and other amounts received, and (6) a balance was yet due. It insists this sufficiently pled a case for deficiency judgment under § 400.9–504(3). We disagree.

■ Plaintiff pled nothing about a sale of the collateral, or compliance with the notice provisions of § 400.9–504(3), or facts that would allow an inference that conditions precedent for obtaining judgment had been performed. A missing element is not fatal to a petition if the element is inferable from facts pled. *Threats v. General Motors Corp.*, 890 S.W.2d 327, 328 (Mo.App.1994). However, Plaintiff's petition, when liberally read, does not plead ultimate facts or contain allegations allowing an inference that § 400.9–504(3) was even implicated.

Plaintiff also argues that Defendant, by stipulating to certain facts, waived any complaint about the sufficiency of its petition. To address this argument, we look to the record and the circumstances surrounding the stipulation.

As the first day of trial neared its end, Plaintiff offered into evidence a Notice of Private Sale. This exhibit was addressed to Defendant's president at "2160 East Thoman[,] Springfield, Mo." Defendant's lawyer immediately objected, saying: "For the record, this is beyond the scope of the pleadings. . . . There's no pleading and a notice of a sale on this case at all." Additionally, Defendant's lawyer argued:

"[Defendant's] address is not 2160 Thoman, Springfield, Missouri. Bobby Whitener's address is that, not [Defendant's]. Part and parcel of this whole thing is that the documents, such as this notice, were sent to the wrong place, they were sent to Bobby Whitener's place. This is not notice to Trailiner."

At that point, without stating why, the trial court sustained Defendant's objection to exhibit 17. Plaintiff's lawyer asked "[i]f we can take a break for the evening and see if I can sort this out?" The trial judge agreed.

The next morning, the trial judge announced:

"[T]wo witnesses are being delayed and the issue is whether the Court should delay the trial so that their testimony could be presented. And Mr. Newberry, on behalf of the defendant, indicates that it's possible that the defendant may stipulate as to what these witnesses might testify to. I'll let Mr. Newberry—there's some objections, however, and Mr. Newberry, why don't you just announce your objections or whatever."

Defendant's attorney stated he understood that witness Simon would testify concerning how the collateral was sold and Defendant could stipulate "to that testimony," i.e., that the sales were conducted in a commercially reasonable manner. Defendant's attorney also stipulated that witness Morrison would testify that "copies of [the Notice of Private Sale letters] went to the address shown and that [they] did not come back."

With these facts stipulated to, Plaintiff's attorney argued that all Notice of Private Sale letters (exhibits 17–21) were admissible. Contrarily, Defendant's attorney restated his position that Plaintiff had not pled compliance with the notice provisions of § 400.9–504(3); thus, exhibits 17–21 should not be admitted as they were outside the scope of the pleadings.[2] Thereon, the trial court changed its earlier ruling, overruled Defendant's objection to the admission of exhibits 17–21, and admitted them into evidence. Af-

---

**2.** It was at this point that Defendant's attorney made the arguments quoted in the "facts" por-

tion of this opinion.

terward, the stipulation about witness Simon's testimony and witness Morrison's testimony was read to the jury.[3]

█ Plaintiff makes a three-pronged argument concerning the stipulation. First, it argues that the stipulation as to commercial reasonableness of the sale "includes the notice requirement of ... § 400.90–504(3)." This argument ignores the fact that the statute imposes a twofold obligation upon a secured party seeking to recover a deficiency. The statute requires notice to debtors so that they may take whatever actions they can to protect their interest. *Cherry Manor v. American Health Care,* 797 S.W.2d 817, 821[7] (Mo.App.1990). For example, notice gives the debtor an opportunity to discharge the debt and reclaim the collateral, find another purchaser, or see that the sale is conducted in a reasonably commercial manner. *See* 4 JAMES J. WHITE & ROBERT S. SUMMERS, UNIFORM COMMERCIAL CODE, § 34–13 at 439 (4th ed.1995). On the other hand, the statute also requires a creditor to conduct a sale of the collateral in a reasonably commercial manner. This latter requirement is designed to encourage the creditor to seek the most advantageous sale price and thus reduce the possibility and amount of any deficiency. *Commercial Credit Equipment v. Parsons,* 820 S.W.2d 315, 322 (Mo.App.1991). These two requirements, i.e., notice and commercial reasonableness, are separate and distinct elements. 9A RONALD A. ANDERSON, UNIFORM COMMERCIAL CODE, § 9–507:24 at 727 (3d ed.1994). Even if a debtor concedes that a commercially reasonable sale was held, a creditor must prove it gave notice to the debtor in its own right. *See Kruse v. Voyager Ins. Co.,* 72 Ohio St.3d 192, 648 N.E.2d 814, 816–17 (1995). Plaintiff is simply wrong when it argues otherwise.

Plaintiff also argues that Defendant "waived the issue of notice of private sale when it stipulated ... that the sale was done in a commercially reasonable manner in all respects." Our discussion in the preceding paragraph shows the fallacy of this argument. A concession that a commercially reasonable sale occurred does not waive the separate issue of notice to the debtor. *Id.*

Third, Plaintiff contends that the record reveals a stipulation by defense counsel "to the admission of the notices of private sale...." We disagree. Neither the written stipulation itself (n.3) nor any other thing in the record supports this conclusory argument. When the notice exhibits were first proffered, defense counsel objected that such evidence was beyond the scope of the pleadings. On the second day, during the colloquy about the testimony of absent witnesses, the trial judge noted that Defendant had "some objections." He invited defense counsel to "announce your objections." Defense counsel obliged, arguing *inter alia* that the exhibits were not admissible because Plaintiff did not plead notice. Throughout, defense counsel opposed admission of the exhibits because notice was not pled.

█ The question then becomes, what is the consequence of this pleading deficiency given Defendant's timely objection to the admission of the Notice of Private Sale exhibits? It is an elementary rule of law that in the face of an objection a plaintiff's evidence must conform to the pleadings. *Swan v. Stuart,* 353 S.W.2d 805, 806[2] (Mo.App. 1962). This follows because the pleader must not be permitted to prove that which he or she does not allege. *Id.* at 806[3]. For example, in *McCardie & Akers Const. Co., Inc. v. Bonney,* 647 S.W.2d 193 (Mo.App. 1983), reversible error resulted when a plaintiff was allowed to testify over objection that

**3.** Absent the caption and signatures, the written stipulation reads:

"1. Plaintiff ... placed the five (5) letters, Exhibits 17, 18, 19, 20 and 21 in the U.S. Mails, Postage pre-paid, on or about the date indicated on each letter.

"2. Exhibits 17 and 19 were sent certified mail and were received as indicated on the attached domestic return receipts.

"3. Copies of Exhibits 20 and 21 were placed in the U.S. Mail, postage pre-said to Defendant

... at 2169 East Blaine Street, Springfield, Missouri, 65803, and said copies were not returned to ... [Plaintiff].

"4. Following the aforesaid notice, Plaintiff ... sold the nine (9) trucks which are the subject of this case for the sums shown in Exhibit 23.

"5. The actual sale of the nine (9) trucks was done in a commercially reasonable manner in all respects."

charges for work were fair and reasonable where it did not plead they were fair and reasonable. *Id.* at 195[4]. In *Steenrod v. Klipsch Hauling Co., Inc.,* 789 S.W.2d 158 (Mo.App.1990), evidence proffered by plaintiff regarding a missing safety catch was held inadmissible "as it was not properly pleaded." *Id.* at 165 (citing *Swan,* 353 S.W.2d at 806 as authority).

We hold that Plaintiff's exhibits 17–21 (the Notice of Private Sale letters) were not admissible because none of Plaintiff's allegations refer to a sale of collateral, notice of sale of collateral, compliance with notice requirements of § 400.9–504(3), or any other ultimate fact showing Plaintiff was seeking a deficiency judgment. Without these exhibits, Plaintiff has failed to prove compliance with § 400.9–504(3), and is therefore not entitled to a deficiency judgment. *See McKesson,* 938 S.W.2d at 633; *RWR,* 899 S.W.2d at 878.

The judgment is reversed. The cause is remanded with directions that judgment be entered for Defendant notwithstanding the verdict for Plaintiff.

PARRISH, P.J., and BARNEY, J., concur.