

# Missouri Court of Appeals
## Southern District
### Division Two

INTERNATIONAL DIVISION, INC.,    )
    )
    Plaintiff-Appellant,    )
    )
vs.    )    No. SD32496
    )
DeWITT AND ASSOCIATES, INC.,    )    Filed March 25, 2014
    )
    Defendant-Respondent.    )

### APPEAL FROM THE CIRCUIT COURT OF GREENE COUNTY

Honorable Michael J. Cordonnier, Circuit Judge

REVERSED AND REMANDED

International Division, Inc. ("INDIV"), appeals the trial court's reduction of a jury verdict for INDIV and against DeWitt and Associates, Inc. ("DeWitt"), by the total amount of INDIV's pre-trial settlements with other defendants. *See* section 537.060.[1] In three points, INDIV contends that the trial court's admission of exhibits that evidenced the settlements in question was erroneous. We agree and, therefore, reverse and remand.

### Factual and Procedural Background

INDIV filed a lawsuit for damage to its office space at 401 West McDaniel Street, Springfield, Missouri, which it alleged was caused during and as a result of the construction of the nearby College Station Car Park ("the project"). By way of its sixth

---

[1] All statutory references are to RSMo 2000, unless otherwise indicated. All rule references are to Missouri Court Rules (2013).

amended petition, INDIV named as defendants the owner of the project site, the City of Springfield ("the City"); the general contractor for the project, DeWitt; and subcontractors for the project, A-1 Electric Service, Inc. ("A-1"), and James May, d/b/a May Backhoe Service ("May").[2]

Before trial, INDIV dismissed its suit against the City, A-1, and May. These dismissals were pursuant to releases executed by INDIV in consideration for payments of $10,500, $10,500, and $7,500 from the City, A-1, and May, respectively. Information regarding these settlements, including amounts paid, was communicated by INDIV to counsel for DeWitt. INDIV also moved to re-style the case to show DeWitt as the only remaining defendant.

With leave of court, DeWitt thereafter amended by interlineation its answer to INDIV's sixth amended petition, alleging in pertinent part:

> Defendant DeWitt is entitled to application of all provisions of § 537.060, RSMo., so that to the extent [INDIV] has settled or will settle with various other alleged tortfeasors, Defendant DeWitt is entitled to a reduction and setoff in the amount of each and every such settlement so that [INDIV]'s claims shall be reduced by the amounts received by settlement agreement with other such alleged tortfeasors or in the amount of or for the consideration paid by or on behalf of such tortfeasors, whichever is greater, or between any non-party tortfeasors, so that amounts paid by or on behalf of the City of Springfield, A-1 Electric Service, Inc., James May d/b/a May Backhoe Service, College Station, LLC, or any non-party tortfeasors, reduce [INDIV]'s claim.

Following this amendment, DeWitt filed no subsequent motion to amend its answer, and INDIV filed no motion seeking a more definite statement.

The case thereafter went to trial, and the jury returned a verdict for INDIV in the amount of $28,000. The trial court accepted the verdict and discharged the jury.

---

[2] An additional defendant, College Station, LLC ("College Station"), had been voluntarily dismissed by INDIV before filing its sixth amended petition.

2

DeWitt later filed a post-verdict motion seeking reduction of the jury verdict under section 537.060 by the amounts the City, A-1, and May paid to INDIV in consideration for their release—the sum of which was $28,500. In support of its motion, DeWitt attached exhibits consisting of copies of INDIV's written releases for the City, A-1, and May, as well as copies of the checks made out to INDIV pursuant to those releases ("Exhibits A through F").

INDIV filed written objections to DeWitt's motion, arguing that Exhibits A through F were: (1) beyond the scope of the pleadings, in that DeWitt failed to plead in its answer the dollar amounts paid in exchange for the releases; and (2) untimely, in that they were not offered until after trial had concluded.

At an evidentiary hearing on the motion, INDIV objected to the admission of Exhibits A through F, asserting the same grounds as contained in its preceding written objections. Noting these objections, the trial court admitted Exhibits A through F and took the matter under advisement.

Thereafter, the trial court entered its judgment with supporting memorandum. The judgment stated that the trial court admitted evidence of certain settlements entered into between INDIV and joint tortfeasors and "pursuant to the law" would reduce the $28,000 damage award for INDIV by the $28,500 settlement total. Judgment was entered in favor of INDIV and against DeWitt for the amount of zero dollars.

In its memorandum, the trial court stated that DeWitt pleaded the affirmative defense of reduction with "sufficient definiteness so as to allow [INDIV] to prepare responsive pleadings and to properly prepare for trial." Alternatively, the trial court found that INDIV waived any objection to the definiteness of DeWitt's amended answer

3

by failing to have moved for a more definite statement. The trial court also found that Exhibits A through F were timely offered and admitted.

INDIV now appeals, contending in three points that the trial court erroneously admitted into evidence Exhibits A through F.[3] INDIV's first two points—that Exhibits A through F were beyond the scope of the pleadings and that INDIV did not waive such objection by failing to move DeWitt for a more definite statement—are dispositive. Therefore, we need not address INDIV's third point wherein it claims that Exhibits A through F were untimely.

### Standard of Review

We generally review a trial court's evidentiary rulings for an abuse of discretion. *E.g.*, ***Davis Estates, L.L.C. v. Junge***, 394 S.W.3d 436, 440 (Mo.App. 2013). This case, however, implicates a longstanding rule that trial is limited to the scope of the issues raised by the pleadings. *See* ***Maniaci v. Luechtefeld***, 351 S.W.2d 798, 800 (Mo.App. 1961). It is an elementary rule of law that in the face of an objection, evidence *must* conform to the pleadings. ***Textron Fin. Corp. v. Trailiner Corp.***, 965 S.W.2d 426, 431 (Mo.App. 1998); ***McCardie & Akers Constr. Co., Inc. v. Bonney***, 647 S.W.2d 193, 195 (Mo.App. 1983). Therefore, where objected-to evidence is outside the scope of the pleadings, the trial court has no discretion to admit such evidence. *See* ***Textron***, 965 S.W.2d at 431-32.

Further, to determine whether the issue of reduction is within the scope of the pleadings, a trial court must construe and interpret the requirements of section 537.060.

---

[3] INDIV did not file an after-trial motion. DeWitt argues that, pursuant to Rule 78.07, INDIV's claims on appeal are not preserved. However, the errors alleged occurred only after the jury rendered its verdict (in INDIV's favor); as such, INDIV's points on appeal do not address matters of trial error and could not be corrected by the granting of a new trial. *See* ***Williamson v. Cox***, 844 S.W.2d 95, 99 (Mo.App. 1992) (finding no waiver where objection to the trial court's failure to reduce verdict pursuant to section 537.060, RSMo 1986, was not presented in after-trial motion). INDIV's points are properly preserved for review.

We review the trial court's interpretation of a statute *de novo*. ***Kivland v. Columbia Orthopaedic Group, LLP***, 331 S.W.3d 299, 311 (Mo. banc 2011); *see also **Gibson v. City of St. Louis***, 349 S.W.3d 460, 465 (Mo.App. 2011) (applying *de novo* review to reduction issue where no factual issues were submitted to the jury and the trial court ruled as a matter of law).

### Discussion

INDIV's first two points will be considered together. Both points contend that the trial court erred in overruling INDIV's objections that Exhibits A through F were beyond the scope of the pleadings, because DeWitt failed to meet its burden to plead the affirmative defense of reduction under section 537.060.[4] Specifically, INDIV argues that DeWitt's pleading omitted a required element of reduction, in that DeWitt did not plead "the amounts paid" to INDIV by the City, A-1, and May in exchange for their release. INDIV further argues that waiver by failure to move for a more definite statement does not apply here, because "INDIV was not objecting that DeWitt had failed to plead the elements of reduction with particularity; rather, its objection was that DeWitt failed to state the elements of the affirmative defense thus rendering it insufficient."

The linchpin of INDIV's points is whether the dollar amount sought in reduction is an element of the defense that must be pleaded with ultimate facts. "Missouri is a fact-pleading state." ***Whipple v. Allen***, 324 S.W.3d 447, 449 (Mo.App. 2010). We have consistently observed that a properly pleaded cause of action requires allegations of fact

---

[4] Section 537.060 states in pertinent part:

> When an agreement by release, covenant not to sue or not to enforce a judgment is given in good faith to one of two or more persons liable in tort for the same injury or wrongful death, such agreement shall not discharge any of the other tortfeasors for the damage unless the terms of the agreement so provide; however such agreement shall reduce the claim by the stipulated amount of the agreement, or in the amount of consideration paid, whichever is greater.

5

to support each essential element of the cause pleaded. *E.g.*, ***Crossland Constr. Co., Inc. v. Alpine Elec. Constr. Inc.***, 232 S.W.3d 590, 592 (Mo.App. 2007); ***Brock v. Blackwood***, 143 S.W.3d 47, 57 (Mo.App. 2004). The pleader need not allege evidentiary facts but must allege ultimate facts and cannot rely on mere conclusions. ***Suelthaus & Kaplan, P.C. v. Byron Oil Indus., Inc.***, 847 S.W.2d 873, 876 (Mo.App. 1992). The requirement for pleading an affirmative defense is no different: "it is necessary to set out the factual basis for the affirmative defense 'in the same manner as is required for the pleading of claims under the Missouri Rules of Civil Procedure.'" ***Damon Pursell Constr. Co. v. Missouri Highway and Transp. Comm'n***, 192 S.W.3d 461, 475 (Mo.App. 2006) (quoting ***Curnutt v. Scott Melvin Transp. Inc.***, 903 S.W.2d 184, 192 (Mo.App. 1995)); *see also* Rule 55.08 ("A pleading that sets forth an affirmative defense or avoidance *shall contain a short and plain statement of the facts showing that the pleader is entitled to the defense or avoidance*." (emphasis added)).

Regarding the elements of reduction, we are guided by our supreme court's opinion in ***Sanders v. Ahmed***, 364 S.W.3d 195 (Mo. banc 2012). The ***Sanders*** opinion is the most recent in a series of supreme court opinions that have recognized that reduction under section 537.060 is an affirmative defense that must be pleaded and proved. *See* ***Sanders***, 364 S.W.3d at 211; ***Bach v. Winfield-Foley Fire Prot. Dist.***, 257 S.W.3d 605, 610 (Mo. banc 2008); ***Norman v. Wright***, 100 S.W.3d 783, 785 (Mo. banc 2003) (overruling ***Julien v. St. Louis Univ.***, 10 S.W.3d 150, 152 (Mo.App. 1999), to the extent inconsistent). Unlike the cases preceding it however, ***Sanders*** explicitly sets forth the following specific elements of the reduction affirmative defense that the defendant must

6

plead and prove: (1) "the existence of a settlement"; and (2) "the stipulated amount of the agreement or the amount in fact paid."[5] *Sanders*, 364 S.W.3d at 211-12.[6]

INDIV argues that under *Sanders*, DeWitt was required to plead ultimate facts in support of each of the aforementioned elements in order to assert reduction. In support, INDIV directs this court's attention to a recent decision by this court's eastern district, *Delacroix v. Doncasters, Inc.*, 407 S.W.3d 13 (Mo.App. 2013). In *Delacroix*, the defendant, Doncasters, Inc., pleaded the following in response to the plaintiffs' petitions:

> "That Doncasters, Inc. claims offsets and contribution from the settlements and/or verdicts in this lawsuit or any other litigation and/or claim arising out of the facts and circumstances at issue in this case.
>
> That if any judgment is entered against Doncasters, Inc. based on the events and allegations stated in Plaintiffs' [petitions], that judgment must be reduced by either (1) the stipulated amount of all settlement agreements between Plaintiffs and all other alleged tortfeasors or (2) the amount of consideration all other alleged tortfeasors paid to Plaintiffs for release or discharge, whichever is greater, as provided in [section] 537.060."

*Id.* at 38 (alterations in original). According to the *Delacroix* court, which cites *Sanders* for the elements of reduction, "[the above-quoted] allegations amount[ed] to legal conclusions that fail[ed] to allege any facts regarding the applicable settlements giving rise to Doncasters' affirmative defense." *Id.* While the court noted that similar pleadings

---

[5] INDIV concedes that by pleading that the City, A-1, and May were parties to settlements with INDIV, DeWitt satisfied its requirement to plead the "the existence of a settlement," thereby satisfying the first *Sanders* element.

[6] While we rely on *Sanders* for the elements of pleading and proving reduction under section 537.060, we note that *Sanders* is factually inapposite to the case at bar. Here, DeWitt received copies of INDIV's releases for the City, A-1, and May prior to the final amending of DeWitt's answer. The defendants in *Sanders*, however, were unaware of the settlement terms for which they were seeking reduction, and the trial court held the defendants' motion for discovery of the settlement terms in abeyance until the end of trial. *Sanders*, 364 S.W.3d at 213. Given the context, the *Sanders* court ruled that "it would be an injustice to hold that Defendants are precluded from a reduction because of their failure to plead and prove what the trial court withheld from them." *Id.*; *see also Heckadon v. CFS Enters., Inc.*, 400 S.W.3d 372, 379 n.7 (Mo.App. 2013) (finding that defendant's conclusory pleading seeking reduction was sufficient where applicable settlements did not occur until long after the pleading was filed); *McGuire v. Kenoma, LLC*, 375 S.W.3d 157, 180-84 (Mo.App. 2012) (excusing the failure to raise issue of reduction during trial because the plaintiffs did not provide the defendant documentation of the amount and terms of settlements with other alleged tortfeasors until after the jury rendered a verdict).

7

were allowed in ***McGuire v. Kenoma, LLC***, 375 S.W.3d 157 (Mo.App. 2012), it found ***McGuire*** inapplicable because "the settlements allegedly entitling Doncasters to a reduction were entered into prior to Doncasters' filing of its answers[.]" ***Delacroix***, 407 S.W.3d at 38 n.17. Ultimately, the court held that Doncasters, Inc., failed to adequately raise the affirmative defense of reduction in its pleading, and, therefore, the alleged affirmative defense failed as a matter of law. ***Id.*** at 38-39.

DeWitt attempts to distinguish ***Delacroix*** from the instant case. Unlike the pleading at issue in ***Delacroix***, DeWitt observes that it pleaded the names of the alleged tortfeasors whose settlements formed the basis for its claim of reduction—specifically, "the City of Springfield, A-1 Electric Service, Inc., James May d/b/a May Backhoe Service[.]" According to DeWitt, the identification of these specific settlement agreements within its pleading also identifies, by implication, the stipulated amounts contained therein; therefore, DeWitt argues that it satisfied both ***Sanders*** elements.

In support of this argument, DeWitt cites a recent opinion by our western district, ***Payne v. Markeson***, 414 S.W.3d 530 (Mo.App. 2013). In that case, the defendant, Markeson, sought reduction based on a $475,000 settlement that occurred prior to trial between the plaintiff and a codefendant. ***Payne***, 414 S.W.3d at 535. The ***Payne*** court found that Markeson satisfied her burden to establish the elements of reduction under ***Sanders***. ***Payne***, 414 S.W.3d at 540-41. This finding was made, according to DeWitt, despite the fact that the opinion implicitly shows that Markeson's pleading named the tortfeasor who had settled with the plaintiff but was silent as to "the stipulated amount of

the agreement or the amount in fact paid."[7] Like the instant case, DeWitt argues that Markeson instead asserted the settlement amount by motion.

*Payne* does not aid DeWitt, however, as it is distinguishable from the instant case regardless of what facts Markeson did or did not plead in her answer. In reaching its decision that Markeson met the pleading and proof requirements of *Sanders*, the *Payne* court relied upon the fact that at a post-trial hearing, plaintiff's counsel stated: "I told [Markeson's counsel] before trial that it was unnecessary to do a deposition or anything that I would tell the Court that there was a prior payment from the bar on the Dram Shop claim, $475,000. I told her that, so I'm here telling the Court that."[8] *Id.* at 541 (alteration in original) (internal quotations omitted). As the foregoing excerpt makes clear, even if Markeson's pleading omitted any mention that the amount sought in reduction was $475,000, the plaintiff expressly consented to raise the issue before the trial court and did so.

Generally speaking, reduction, like all affirmative defenses, must be pleaded or it will be waived. Rule 55.33(b). However, "issues not raised in the pleadings are considered, in all respects, as if they had been raised by the pleadings when they are tried by implied or express consent of the parties." *Bone v. Dir. of Revenue*, 404 S.W.3d 883, 886 (Mo. banc 2013); *see also* *Hanff v. Hanff*, 987 S.W.2d 352, 357 (Mo.App. 1998) (finding that even though the defendant failed to plead section 516.350, RSMo 1994, as an affirmative defense, the issue was tried by implied consent because the plaintiff's

---

[7] DeWitt further argues that a review of the legal file in *Payne* confirms this reading, and DeWitt moves this court to take judicial notice the legal file in *Payne*. This motion is denied.

[8] The suit against Markeson was for damages arising out of a vehicular collision that resulted from Markeson driving while intoxicated. *Payne*, 414 S.W.3d at 534-35. Pursuant to Missouri's "Dram Shop Act," the plaintiff also brought suit against the bar that had served Markeson prior to the collision. *Id.* at 535 (citing section 537.053, RSMo Cum.Supp. 2012).

9

counsel chose to address the substantive merits of the argument). Unlike the facts in *Payne*, the issue of the amounts the City, A-1, and May paid in settlement to INDIV was not tried by express or implied consent; rather, INDIV clearly and consistently objected that Exhibits A through F were beyond the scope of the pleadings.

In any event, to find, as DeWitt suggests, that a defendant seeking reduction need only identify settlements without identifying settlement amounts, we would have to overlook the manner by which *Sanders* outlines how reduction must be pleaded. *Sanders* clearly and explicitly states that "[t]he defendant bears the burden of *pleading* and proving the elements of the defense." *Sanders*, 364 S.W.3d at 211 (emphasis added). The elements to be pleaded and proved are twofold: "the existence of a settlement" *and* "the stipulated amount of the agreement or the amount in fact paid." *Id.* at 211-12.

Here, INDIV objected to Exhibits A through F as being beyond the scope of the pleadings because DeWitt failed to plead the second element, i.e., "the stipulated amount[s] of the agreement[s] or the amount[s] in fact paid." *See id.* The record confirms that DeWitt's pleading was deficient as alleged. In its answer to INDIV's sixth amended petition, DeWitt merely pleaded that it was entitled to reduction

> in the *amount* of each and every such settlement so that [INDIV]'s claims shall be reduced by the *amounts* received by settlement agreement with other such alleged tortfeasors or in the *amount*, or for the consideration paid by or on behalf of such tortfeasors, whichever is greater, or between any non-party tortfeasors, so that *amounts* paid by or on behalf of the City of Springfield, A-1 Electric Service, Inc., James May d/b/a May Backhoe Service, College Station, LLC, or any non-party tortfeasors, reduce [INDIV]'s claim.

(emphasis added). These allegations fail to allege ultimate facts, or any facts whatsoever, as to "the stipulated amount[s] of the agreement[s] or the amount[s] in fact paid" and therefore constitute legal conclusions. *See Delacroix*, 407 S.W.3d at 38. "A pleading

10

that makes a conclusory statement and does not plead the specific facts required to support the affirmative defense fails to adequately raise the alleged affirmative defense, and the alleged affirmative defense fails as a matter of law." *Id.* (quoting *Echols v. City of Riverside*, 332 S.W.3d 207, 211 (Mo.App. 2010)) (internal quotations omitted).

Further, because DeWitt's attempt to plead reduction fails as a matter of law, the missing element of the affirmative defense was not an issue of "definiteness or particularity."[9] *See* Rule 55.27(d). As such, Rule 55.27(d) was not applicable, and INDIV did not waive its objection that Exhibits A through F were beyond the scope of the pleadings by failing to move for a more definite statement.[10]

Therefore, because DeWitt failed to plead all the elements of the affirmative defense of reduction under section 537.060, *see Sanders*, 364 S.W.3d at 211-12, the admission of Exhibits A through F, which served no evidentiary function other than to evidence that the City, A-1, and May settled with INDIV for $10,500, $10,500, and $7,500, respectively, were beyond the scope of DeWitt's pleading. *See Textron*, 965

---

[9] In arguing the contrary, DeWitt cites (as did the trial court) the case *Gibson v. City of St. Louis*, 349 S.W.3d 460 (Mo.App. 2011), which was decided before *Sanders*. In what is arguably dicta, *Gibson* states:

> The City alleged as an affirmative defense that it was "entitled to a set-off of all settlements and judgments from all parties and nonparties who may be liable for the incident as alleged by plaintiff" without providing a statement of facts or any reference to section 537.060. However, plaintiff did not challenge, by motion for a more particular statement, whether an affirmative defense under section 537.060 was sufficiently pleaded under Rule 55.08, thus waiving any objection. *See Eckerd v. Country Mut. Ins. Co.,* 289 S.W.3d 738, 742-43 (Mo.App.2009).

*Gibson*, 349 S.W.3d at 465 n.3. Regardless, "[t]his court is constitutionally bound to follow the most recent controlling decision of the Missouri Supreme Court." *Kinder v. Missouri Dept. of Corrections*, 43 S.W.3d 369, 374 (Mo.App. 2001) (citing MO. CONST. art. V, § 2). Therefore, to the extent that *Gibson* stands for the proposition that a party against whom reduction is asserted must move for a more definite statement or else waive a claim that ultimate facts establishing the elements of reduction were not pleaded, we find that it conflicts with *Sanders* and cannot follow it.

[10] In fact, a motion for a more definite statement, had INDIV filed one, may have resulted in a waiver of INDIV's objection. *Cf. State ex rel. Koster v. Morningland of the Ozarks, LLC*, 384 S.W.3d 346, 351 (Mo.App. 2012) ("While Missouri is a fact-pleading state, *Whipple v. Allen*, 324 S.W.3d 447, 449 (Mo.App. E.D. 2010), a motion for a more definite statement inherently concedes a cause of action and a motion to dismiss is a more appropriate vehicle in contesting the sufficiency of a petition.").

S.W.2d at 431.  In the face of INDIV's proper objection, the trial court's admission of such exhibits was erroneous.  INDIV's first and second points are granted.

In finding that Exhibits A through F were beyond the scope of DeWitt's pleading, we need not address INDIV's remaining point alleging that DeWitt's offer of Exhibits A through F was untimely.  "Issues that are not essential to a disposition of the case should not be addressed." *S & P Props., Inc. v. Daly*, 330 S.W.3d 128, 130 (Mo.App. 2010) (quoting *O'Hare v. Permenter*, 113 S.W.3d 287, 289 (Mo.App. 2003)) (internal quotation marks omitted).

## Decision

The judgment of the trial court is reversed, and the case is remanded to the trial court for further proceedings consistent with this opinion.


GARY W. LYNCH, J. - Opinion author

JEFFREY W. BATES, P.J. - concur

MARY W. SHEFFIELD, J. - concur